### TILLINGHAST v. BAILEY et al.

(Circuit Court, S. D. Ohio, W. D.   November 29, 1897.)

#### No. 4,940.

1. NATIONAL BANKS—INCREASE OF STOCK—CONCLUSIVENESS OF COMPTROLLER'S CERTIFICATE.

The certificate of the comptroller of the currency, approving an increase of the capital stock of a national bank, is conclusive of the existence of the facts authorizing such certificate, and a subscriber to the stock cannot question its validity.

2. SAME—STOCKHOLDERS—ESTOPPEL TO QUESTION VALIDITY OF STOCK.

Subscribers to a duly-authorized increased issue of stock by a national bank, who accept certificates therefor, vote the stock by proxy, and take dividends thereon, cannot question the validity of such stock, as against the receiver, after the bank has become insolvent.

Bill by Phillip Tillinghast, receiver, against Samuel Bailey, Jr., and others, as stockholders in a national bank.

John W. Herron and Wm. C. Herron, for complainant.
J. C. Harper, F. B. James, and Oscar F. Davisson, for respondents.

CLARK, District Judge.   In the view I take of this case, I do not deem it necessary to discuss the various phases of this evidence. To do so would require much time and space.   As counsel in the case are perfectly familiar with the issues, and with the evidence so far as it affects the questions to be determined, it would be of no service to do more than to state in the most general way my conclusions upon the facts disclosed by the record, and the law applicable to such facts.   Two propositions are mainly relied on for the complainant, either of which, if sustained, will dispose of the case without entering at large upon the facts in the case.   It is insisted for the plaintiff—First, that the certificate of the comptroller of the currency authorizing the increase of stock to which the defendants were subscribers, except two, was the final act necessary to make the increase valid, and that this certificate is conclusive on the defendants, and that they cannot, as a matter of law, go behind the certificate for the purpose of making any question as to whether the facts on which the comptroller was by law authorized to give his certificate existed; and, second, that, upon the facts of the case, the defendants are as to creditors of the banking association, in whose interest this suit is prosecuted, precluded by estoppel from making any question on the regularity and validity of the increase of stock certified to by the comptroller.   The second proposition would, of course, require an examination into the truth of the facts alleged as constituting the true ground of the estoppel claimed.   I turn, then, for a moment to the contention that the certificate of the comptroller is conclusive of the facts necessary to be ascertained and to authorize his certificate.   It is now well settled that the action of the comptroller in determining that such facts and conditions exist as authorize the appointment of a receiver for a national banking association is conclusive in all subsequent legal proceedings based upon his action and decision in that respect.   So, too, his determination that it is

necessary to make a call on the stockholders of a bank for the payment of debts, and of the amount which must be paid, whether the full amount of the par value of the stock or less, is conclusive, and no question can be made or litigated in regard to whether there exist such facts as authorize his decision in this regard. In like manner, his determination that the facts necessary to authorize the original formation of a banking association, and that the conditions which justify his certificate exist, are facts which become conclusively established when he issues his certificate approving the formation of the bank and authorizing it to proceed to transact business. The existence of the facts which authorize the comptroller to declare the formation of the corporation complete cannot thereafter be called in question. These several propositions are no longer open to question. Kennedy v. Gibson, 8 Wall. 498; Casey v. Galli, 94 U. S. 673; Bushnell v. Leland, 164 U. S. 685, 17 Sup. Ct. 209.

Now, after study of this question, and the reasoning on which the decisions in the cases just referred to proceeded, I am constrained to say that I am unable to distinguish this case from those cases, and am unable to perceive on what ground it could be held in a case like this that the certificate of the comptroller is not conclusive, and I think the principle announced in the cases referred to controls the question here presented. Every reason of public policy on which the decisions in those cases rest extends equally to this case and the questions here made. It seems to me that the certificate of the comptroller approving the original formation of the association with a fixed capital stock, and his certificate approving an increase of stock, cannot be distinguished. I do not believe that any just distinction in principle exists, and a decision which undertakes to make such distinction is, in my opinion, not sustained by sound reason. The facts which are left to the determination of the comptroller in certifying to the original formation of the association are vastly more important in every direction, both in kind and magnitude, than the facts which he finds, and to which he certifies, in the case of a mere increase of stock in an association already formed. If a shareholder of the increased stock may go behind the comptroller's certificate, and make the question that the stock in his hands is void because the facts do not exist which authorize the certificate of the comptroller, I must confess that I see no reason why a shareholder of the original stock may not equally go behind the certificate issued, declaring the association duly formed and authorized to do business, and cause the original stock to be declared invalid because of the nonexistence of the facts which the comptroller was required to ascertain before making his certificate. Further than this, I am of opinion, after careful consideration, that I cannot do otherwise than hold that these defendants are estopped now to make the question that the stock held by them is invalid. Without going more at length into particulars, certain uncontroverted facts may be mentioned; at least, such facts as are not open to serious contention. Among these facts may be mentioned that these defendants undoubtedly understood themselves as subscribing for shares in the

increased stock of the association. Certificates were issued to them plainly showing this fact, and the defendants unquestionably understood themselves to be stockholders during the entire time after payments by them on their subscriptions to this increased stock, and practically they never made any question that this was so until after the insolvency of the bank became publicly known, when it was placed in the hands of a receiver, and their liability to the assessments to pay debts asserted. They were paid dividends on the stock, and unquestionably understood and accepted the same as dividends, and not as interest. In addition to this, they, by proxies duly executed, clothed designated persons with full general authority to act for them and vote the stock, which was obviously equivalent to an assertion that they were stockholders and entitled to enjoy their rights as such. It does not relieve this feature of the case for the defendants to say that they only gave general authority, and were not aware of what the persons designated to act for them were doing. They are not permitted to confer general authority to act, and then, as occasion may seem to require, repudiate the authority, and thereby disappoint the public creditors. In authorizing a representative to act for them, they have virtually, through such representative, sanctioned much of which they now complain. If the defendants were unfortunate in thus holding out persons as authorized to act for them, it raised merely a question whether the defendants must be affected by the conduct of their representatives, or whether the public must be disappointed; and I think there is no difficulty in saying that, as between the innocent creditors of this bank and the defendants who have thus enabled persons with apparent authority to deceive such creditors, the result must fall on the defendants. Nor is it any answer to say that the plaintiff in the case does not show that any particular creditor relied on the increased stock and the payments made thereon by these defendants, and was deceived thereby. The public, in dealing with these banking associations, do not rely except upon public known facts in regard to the association, and the public are not supposed to be familiar with or rely on the facts of a particular case as between a shareholder and the bank. A rule which exacted any such condition as this would practically deprive innocent creditors of any remedy. These defendants have appeared regularly on the books of the association as subscribers to the increased stock, with their subscriptions all paid in, and this condition of things has been carried in the published statement of the bank intended for public information. This character of information is what the creditors of the bank rely on, and particularly the amount of capital stock of the bank. The defendants were still aware that the stock thus subscribed and paid in, although not certified, was subject to be certified and approved by the comptroller at any time. The defendants have never sought, by any step or proceeding, to stop the method in which they were thus held out to the public, or to change their relation from that of a shareholder to creditor, until the event which made it apparent that it would be to their advantage to shift

their position in this respect. There is apparent conflict in the decisions on the circuit in relation to both of the propositions on which the plaintiff's case here proceeds. Fortunately, I am not called upon to undertake the task of reconciling these decisions, and my duty is discharged when I choose between the opinions of these courts of equally high authority and equally entitled to the greatest respect. I think the correct doctrine upon this subject was announced in the case of Latimer v. Bard, 76 Fed. 536. I think, too, in principle, the cases of Upton v. Tribilcock, 91 U. S. 45, Sanger v. Upton, 91 U. S. 64, and Louisville Trust Co. v. Louisville, N. A. & C. Ry. Co., 43 U. S. App. 551, 22 C. C. A. 378, and 75 Fed. 433. are applicable. I do not think the position of the Gronewegs, two of the defendants in the case, is different or that the case as to them authorizes a different ruling from that made as to the other defendants. It has not been pointed out that their status is specially different by reason of having original instead of increased stock. On the contrary, it is evident that it would not be different, so far as their relation to the question now made is concerned. They must have been informed by the face of their certificates of stock that it was original instead of increased stock, and it is not in the least likely that their conduct would have been at all different from what it has been if they had been expressly informed that they were furnished with original instead of increased stock. So, without giving the case a more particular discussion, I hold that the plaintiff is entitled to recover upon both grounds indicated herein, and decree will go accordingly.