### WRAY v. CITIZENS' NAT. BANK OF DUBLIN.   (No. 1860.) *

(Court of Civil Appeals of Texas. El Paso. March 4, 1926. Rehearing Denied April 1, 1926.)

1. Banks and banking ☞233—If conflict exists between state and federal law with respect to increase of capital of national bank and issuance of stock for such increase, federal law controls (Vernon's Sayles' Ann. Civ. St. 1914, art. 1146; Const. art. 12, § 6; U. S. Comp. St. § 9679).

Increase of capital of a national bank and issuance of stock for such increase is governed by federal law, and if there is any conflict between the state law (Vernon's Sayles' Ann. Civ. St. 1914, art. 1146, and Const. art. 12, § 6) and the federal law (U. S. Comp. St. § 9679), the federal law controls.

2. Banks and banking ☞241—Certificate of comptroller of currency approving increase of capital of national bank held conclusive, in suit on note given for stock that increased capital was paid in accordance with statute (U. S. Comp. St. § 9679).

Action of comptroller of currency in giving certificate pursuant to U. S. Comp. St. § 9679, approving increase of capital of national bank, held conclusive, in suit against stockholder on note given for part of new stock, that the increased capital had been paid in accordance with statute.

Appeal from District Court, Erath County; J. B. Keith, Judge.

Action by the Citizens' National Bank of Dublin against George H. Wray. Judgment for plaintiff, and defendant appeals. Affirmed.

Oxford & Johnson, of Stephenville, for appellant.

Chandler & Chandler, of Stephenville, for appellee.

HIGGINS, J. The appellee brought this suit against appellant upon a note executed by the latter to the order of appellee in the sum of $1,248.

The facts pertinent to the appeal are as follows:

Appellee is a national banking corporation. In the latter part of 1919 it was decided to increase its capital from $50,000 to $100,000 and at the same time increase its surplus $10,000. For this purpose stock was to be issued of the par value of $100 per share and sold at $120. Appellant subscribed for ten shares, and in payment therefor executed his note for, $1,200 in favor of appellee, due in six months. This note was renewed at six-month intervals. The note sued upon is the last renewal given. Due to losses sustained, the capital of the bank in December, 1922, was reduced to $50,000, the stockholders accepting, in lieu of cash for such reduction, the assets of the bank charged off at that time. The note sued upon was executed subsequent to this reduction of the capital, and with knowledge upon appellant's part of such reduction.

When appellant executed the original note the amount thereof was transferred by the bank upon its books from its general funds "to the fund with the other money that was turned in to take care of the increase making up that $60,000." The note was placed among the general assets of the bank. The Comptroller of the Currency was notified by the bank that its capital had been increased $50,000 and the whole amount paid in, and that the paid-up capital then amounted to $100,000, whereupon the Comptroller issued this certificate:

"Washington, D. C., Jany. 7, 1920.

"Whereas, satisfactory notice having been transmitted to the Comptroller of the Currency that the capital stock of the Citizens' National Bank of Dublin, Texas, has been increased in the sum of fifty thousand dollars in accordance with the provisions of an act of Congress approved May 1st, 1886, and that the whole amount of the increase has been paid in, and that the paid-up capital stock of the bank now amounts to the sum of one hundred thousand dollars:

"Now it is hereby certified, that the capital stock of the Citizens' National Bank of Dublin having been increased in the sum of fifty thousand dollars and the amount of the increase paid into the bank as a part of the capital stock thereof, the said increase of capital is approved.

"In witness whereof, I hereunto affix my official signature and seal of office.

"[Signed]   T. P. Kane,
"[Seal.]   Acting Comptroller of the Currency."

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted May 12, 1926.

The certificate for ten shares was then issued to appellant. It remained in the possession of the bank. According to appellant the bank held it as collateral to secure his note. The bank's cashier said it was not held as collateral, but simply for safe-keeping, as other papers of its customers were held, and that the stock was at all times subject to appellant's order. This conflict in the evidence is immaterial, for the appellant makes no contention that the stock was not issued to and accepted by him.

Appellant contends that under section 9679, U. S. Comp. Statutes, article 12, § 6, of the Constitution of Texas, and article 1146,. Vernon's Sayles' R. S. of this state, it was unlawful for appellee to issue to him the ten shares of stock in consideration of his note, and, since the note sued upon is simply a remote renewal of the original note, it is not collectible.

[1] The appellee is a national bank incorporated under the act of Congress and subject to the federal statutes. The increase of its capital and the issuance of stock for such increase is governed by the federal law. If there be any conflict between the state and the federal law with respect to such increase and issuance of stock the federal law controls. Bank v. Stevenson (Tex. Com. App.) 231 S. W. 364.

So far as applicable the federal statute provides:

"No increase of capital shall be valid until the whole amount of such increase is paid in, and notice thereof has been transmitted to the Comptroller of the Currency, and his certificate obtained specifying the amount of such increase of capital stock, with his approval thereof, and that it has been duly paid in as part of the capital of such association." U. S. Comp. St. § 9679.

Under the act of Congress the increase in the capital stock of appellant was valid when: First, the whole amount of the increase had been paid in; second, notice thereof transmitted to the Comptroller of Currency; third, the Comptroller's certificate obtained.

The evidence shows that the notice was given and the Comptroller's certificate issued.

[2] The law does not undertake to specify the manner in which the money shall be paid in as part of the capital of the bank, and, under the decisions of the federal courts, the action of the Comptroller in giving the certificate above quoted is conclusive, in a collateral proceeding, that the increased capital has been paid in accordance with the statute. Latimer v. Bard (C. C.) 76 F. 537; Tilling-hast v. Bailey (C. C.) 86 F. 46; Casey v. Galli, 94 U. S. 673, 24 L. Ed. 168. These were cases to recover upon the personal liability of stockholders of insolvent national banks. The defense was that the stock issued was void because it had not been paid for as the law required. It seems to us that the considerations. which, in a suit to enforce the personal liability of a stockholder in a national bank, give conclusive effect to the Comptroller's certificate and preclude such stockholder from defending upon the ground that the stock issue is void in his hands because he had not paid for it as the law required him to do, would apply with equal force in a suit by a national bank against a stockholder upon a note given by him to the bank in lieu of a cash payment.

This question was discussed at some length in a concurring opinion by the writer in Bank v. Stevenson when that case was before the Court of Civil Appeals. See 211 S. W. 644. In the disposition of the case upon writ of error the Commission of Appeals did not find it necessary to consider that phase of the case, because under their ruling the stock was paid for in cash. The facts in that case were different from the present case, but under the reasoning of the opinion by the Commission of Appeals in the Stevenson Case it may be that the facts of the present case do not disclose a violation of the federal statute.

As has been said, the federal law does not undertake to specify the manner in which the increased capital shall be "paid in as part of the capital of such association." The business of a national bank is to act as a depository and lend its funds. The evidence shows that appellant was solvent at the time he gave the original note, and is still solvent. Appellee had a perfect right to lend appellant $1,200 for any legitimate purpose. We doubt if it is sound to say that a national bank cannot lawfully lend a solvent and satisfactory customer money which the latter desires to invest in the purchase of a part of a proposed increase in the capital stock of such bank. That was the substance of the transaction in the case at bar. What occurred in this case doubtless frequently occurs when national banks increase their capital. While it may violate the letter of the federal law, we doubt if the spirit is violated, when the notes of solvent and otherwise desirable persons are thus taken, in view of the business of a bank to lend its money.

It is persuasive of the view that the action of the Comptroller in giving the certificate is conclusive, in this collateral proceeding, that the increased capital had been duly paid in.

Affirmed.