## STUDEBAKER v. PERRY.

(Circuit Court of Appeals, Seventh Circuit. June 23, 1900.)

### No. 672.

NATIONAL BANKS—LIABILITY OF STOCKHOLDERS—SUCCESSIVE ASSESSMENTS.

The purpose of the provisions of the national banking law relating to liability of stockholders is that, in case of the insolvency of the bank, its shareholders shall be liable for its debts to the extent of the amount of their stock, and the law is to be construed in view of such purpose. The comptroller has power to order successive assessments, in the aggregate within the limit of the stockholders' full liability; and this power cannot be affected, and the purpose of the law defeated, by the fact that a receiver, in enforcing a first assessment, has sued at law rather than in equity, and has recovered a judgment which has been satisfied.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

Hugh C. Ward, for plaintiff in error.

George W. Wall, for defendant in error.

Before WOODS and GROSSCUP, Circuit Judges, and SEAMAN, District Judge.

WOODS, Circuit Judge. This action was brought by the receiver of the National Bank of Kansas City against the plaintiff in error, Clement Studebaker, to recover the amount of an assessment of $7 per share upon the capital stock of the bank, of which plaintiff in error is alleged to have held 189 shares. The declaration shows a previous assessment of $16 per share, which the plaintiff in error had paid.

The court overruled a demurrer to the declaration, and, the plaintiff in error refusing to plead further, gave judgment against him.

The only question urged upon our consideration is whether the comptroller of the currency has power, under sections 5151, 5234, Rev. St., to make, and to enforce by a suit at law, more than one assessment upon the shareholders of an insolvent national bank, if necessary to pay the debts thereof. The argument for the plaintiff is, in substance, the same as that of Judge Philips in De Weese v. Smith (C. C.) 97 Fed. 309, where the ruling was that, having recovered against a stockholder a judgment at law for the amount of an assessment, the receiver could not maintain against him a second action to recover a further assessment. The chief grounds of the decision were that the stockholder's liability is upon contract, and cannot be split, and that in making and directing the enforcement of an assessment the comptroller performs a quasi judicial function, and by one exercise exhausts the power conferred upon him by the statute. Weight was also given to the statement in the report of the comptroller for 1898 (volume 1, p. 36), "that, for 33 years after the adoption of the national banking act, by all his predecessors in office this statute had received the construction, in practice, that but one assessment was enforceable"; but in the main the conclusion declared was deduced from the opinion of the supreme court in Kennedy v. Gibson, 8 Wall. 498–505, 19 L. Ed. 476. The weight of authority and the better reason seem to us to be in favor of the comptroller's right to make successive assessments, as found necessary, which may be enforced in equity or by actions at law, at the option of the receiver. It was conceded at the hearing that an action at law upon an assessment for less than the par value of the stock is maintainable. In Kennedy v. Gibson it was said:

"It is for the comptroller to decide when it is necessary to institute proceedings against the stockholders to enforce their personal liability, and whether the whole or a part, and, if only a part, how much, shall be collected. * * * This action on his part is indispensable, * * * and must precede the institution of suit by the receiver. * * * The liability of the stockholders is several, and not joint. The limit of their liability is the par of the stock held by each one. Where the whole amount is sought to be recovered, the proceeding must be at law. Where less is required, the proceeding may be in equity, and in such case an interlocutory decree may be taken for contribution, and the case may stand over for the further action of the court—if such action should subsequently prove to be necessary—until the full amount of the liability is exhausted. * * * When contribution only is sought, all the stockholders who can be reached by the process of the court may be joined in the suit. It is no objection that there are others beyond the jurisdiction of the court who cannot, for that reason, be made co-defendants. * * * The receiver is the statutory assignee of the association, and is the proper party to institute all suits. They may be brought, both at law and in equity, in his name, or in the name of the association for his use."

Following this, in an opinion written by the same judge, in U. S. v. Knox, 102 U. S. 422, 26 L. Ed. 216, is a distinct recognition of the power of the comptroller to make successive assessments, and it is an anomalous proposition that the power may be affected or cut off at the will of the receiver, by proceeding to collect an assessment by an action at law instead of a suit in equity. Indeed, the contention here is that merely by making one assessment for less than the entire amount of the stock the comptroller deprives himself of the power to

make another, and that no more than one assessment can be collected, unless the shareholders shall refuse to pay the first, and the receiver shall choose to proceed in equity to collect it, and so give the court opportunity to hold the case "for further action." See, also, Bank v. Case, 131 U. S. Append. cxliv., 23 L. Ed. 961. The dominant purpose of the parts of the statute touching this question is that the shareholders of an insolvent national bank shall be liable for its debts "to the extent of the amount of their stock therein," and rules of construction are not to be invoked in a way to defeat that purpose. Under the direction of the comptroller the receiver is authorized to enforce the shareholder's liability; but the power to enforce does not include a power to cut off or limit, and by no proper application of general rules of construction can the statute be so read as to permit the failure of its main design. In the case of Aldrich v. Campbell, 38 C. C. A. 347, 97 Fed. 663, the suit was to enforce a second assessment, the first having been fully paid, and the power of the comptroller to make successive assessments, though not denied, was considered and affirmed. In Aldrich v. Yates (C. C.) 95 Fed. 78, the power, though denied, was affirmed by the circuit court for the district of Kentucky, and like rulings in unreported cases have been made at circuit in Indiana and elsewhere.

If the statute were one whose meaning could be sought in contemporary construction, there is nothing in the practice of the comptrollers to affect our conclusion. The comptrollers have had the power to make assessments, either for the entire amount of stock or for less, and the evidence is abundant in the reported cases of the exercise of the power in both ways. Of the effect of proceeding in one way or the other, the question was not, and in the nature of things could not have been, for their decision, and it does not appear that any of them ever assumed to decide it. The judgment is affirmed.