## DEWEESE v. SMITH et al.

(Circuit Court of Appeals, Eighth Circuit. February 25, 1901.)

No. 1,371.

1. THE LAW PART OF THE CONTRACT.

The statutes and the settled law of the land at the time a contract is made become a part of it, and must be read into it.

2. STOCKHOLDERS OF NATIONAL BANKS—LIABILITY FOR DEBTS CONTRACTUAL.

The liability of the shareholders of national banks for their debts under section 5151 of the Revised Statutes is based upon contract.

3. SAME—TERMS OF CONTRACT.

The contract of the shareholder of a national bank with the bank and its creditors regarding its debts is that, to an amount not exceeding the par value of his shares of stock, and not exceeding his equal and ratable proportion, he will pay, at such times and in such amounts as the comptroller of the currency shall demand, the debts and obligations of his bank.

4. INDIVISIBLE DEMAND DUE—ESTOPPEL OF JUDGMENT FOR PART.

A judgment for a part of an entire, indivisible demand, all of which is due when the action is commenced, is an election to take the part in satisfaction of the whole, and it estops the plaintiff from recovering the residue.

5. INDIVISIBLE DEMAND—JUDGMENT FOR INSTALLMENT DUE—EFFECT.

But a judgment for a part of such a demand which is due does not estop the plaintiff from maintaining another action for another part of the demand, which becomes due subsequent to the commencement of the first action.

6. RECEIVER'S JUDGMENT FOR ASSESSMENT NO ESTOPPEL AS TO SUBSEQUENT ASSESSMENT.

A judgment in favor of the receiver of an insolvent national bank for the recovery of an assessment made by the comptroller upon a shareholder does not estop him from maintaining a second action against the same shareholder for another assessment which had not been made or was not due when the first action was commenced.

7. CONSTRUCTION OF STATUTES—DECISIONS AND PRACTICE OF EXECUTIVE OFFICERS —CONCLUSIVENESS.

While the construction of statutes by the officers to .whom congress has intrusted their execution and the uniform practice of such officers are persuasive, and entitled to careful consideration, yet a court cannot lawfully renounce its judicial powers; and it is its duty, if satisfied upon reason or authority that a correct determination of the question before it requires a decision contrary to such construction and practice, to render that decision.

8. COMPTROLLER OF CURRENCY—POWER TO MAKE SUCCESSIVE ASSESSMENTS.

The decision of the comptroller of the currency that it is necessary to collect, and his requisition of a certain percentage of the liability of the shareholders of a national bank, in order to pay its debts, is not a decision that a larger percentage will not be necessary, and he has plenary power to make successive assessments until the full liability of the shareholder is exhausted.

9. SAME—CONCLUSIVENESS—FRAUD OR MISTAKE.

Under the acts of congress the comptroller of the currency is constituted a quasi judicial tribunal to determine at what times and what amounts, not exceeding the full liability of the stockholders, it is necessary to collect from them to pay the debts of the bank. His decisions of these questions are impervious to collateral attack, and open to avoidance by a court only in a direct attack upon them for error of law, fraud, or mistake.

10. EQUITY—MISTAKE OF FACT—PLEADING AND PROOF.

One who would attack in a federal court the decision of a quasi judicial officer for mistake of fact must proceed in equity, and must allege and prove the evidence before the officer from which the mistake resulted, the way in which it was made, and the fact that in its absence his decision would have been otherwise, before a court can enter upon a reconsideration of the issue before the officer.

11. STATUTE OF LIMITATIONS AGAINST ASSESSMENTS UPON STOCKHOLDERS.

The statute of limitations does not commence to run against the enforcement of the entire liability or against the enforcement of any particular portion of the liability of the shareholder of a national bank to pay its debts until the time when the comptroller has declared the entire liability or the particular portion of it in issue to be due.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the Western District of Missouri.

This is an action at law by the receiver of an insolvent national bank to collect a second assessment made by the comptroller of the currency upon its stockholders. In his petition the receiver alleged that the comptroller made an assessment of 75 per cent. of the par value of the stock on April 13, 1895,

payable May 15, 1895; that he subsequently found that the amount so assessed was insufficient to pay the debts of the bank; that an additional amount equal to 25 per cent. of the par value of the stock was required for that purpose; and that on February 7, 1899, he made a further assessment of that amount, payable March 7, 1899, and demanded payment thereof from the defendants, who are stockholders. The defendants answered: (1) That the amount of the first assessment was sufficient to pay all the obligations of the bank, and that the second assessment was solely to supply a deficiency caused by the unauthorized investment and loss by the receiver of $80,000 of the money of the bank; (2) that the receiver was appointed on May 10, 1894, and this action was barred by the statute of limitations of the state of Missouri, because it was not commenced until more than five years after that date; and (3) that the receiver brought an action at law against the defendants for the amount of the first assessment, and on October 19, 1896, recovered a judgment therefor, which they paid; that their liability respectively as stockholders was a single and indivisible demand, and that the judgment was a conclusive adjudication of the amount due from them on account of this liability. The receiver made a motion for judgment on these pleadings, and the circuit court sustained the third defense, and denied the motion. The plaintiff refused to plead further. Judgment was rendered for the defendants on the opinion of the court, which is reported in 97 Fed. 309, and the receiver sued out this writ of error to reverse that judgment.

F. F. Oldham (William S. Shirk, on the brief), for plaintiff in error.

James T. Montgomery (W. M. Williams, on the brief), for defendants in error.

Before CALDWELL and SANBORN, Circuit Judges, and ADAMS, District Judge.

SANBORN, Circuit Judge, after stating the case as above, delivered the opinion of the court.

Can the comptroller of the currency lawfully make and collect by actions at law in the name of the receiver more than one requisition or assessment upon a stockholder of an insolvent national bank in order to pay its debts? This is the chief question in this case. It is earnestly contended on the part of the defendants that this question must be answered in the negative, (1) because the liability of the stockholder is contractual, indivisible, and cannot be split into several causes of action; (2) because this was the construction and practice of the treasury department for 33 years before the installation in office of the comptroller who made this assessment; and (3) because the power of the comptroller to determine the amount required to pay the debts of the association is quasi judicial, and, when once exercised, is thereby exhausted. Before entering upon a consideration of these arguments, let us call to mind for a moment the acts of congress and the rules of law applicable to this subject which have been established by the decisions of the national courts. The acts of congress provide:

"Sec. 5151. The shareholders of every national banking association shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts, and engagements of such association, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares."

"Sec. 5234. On becoming satisfied as specified in sections fifty-two hundred and twenty-six and fifty-two hundred and twenty-seven, that any association has refused to pay its circulating notes as therein mentioned, and is in default, the comptroller of the currency may forthwith appoint a receiver. * * *

Such receiver, under the direction of the comptroller, shall take possession of the books, records, and assets of every description of such association, collect all debts, dues, and claims belonging to it, and, upon the order of a court of record of competent jurisdiction, may sell or compound all bad or doubtful debts, and, on a like order, may sell all the real and personal property of such association, on such terms as the court shall direct; and may, if necessary to pay the debts of such association, enforce the individual liability of the stockholders of such association."

Under these sections of the Revised Statutes the following propositions have by repeated decisions of the national courts become the settled law of the land: No portion of the liability of a stockholder of a national bank for the payment of its debts, under these statutes, becomes due or enforceable before the comptroller of the currency decides that it is necessary to collect it, and fixes the time for its payment. His decision and call or assessment are conditions precedent to the collection or the enforcement by suit or otherwise of any portion of this liability. When he has decided that it is necessary to assess the shareholders for the purpose of paying the debts of the bank, and has called a part of the liability, a suit in equity may be maintained for the part so called; but no decree can be rendered for any other portion of the liability, and no more of it becomes due or collectible, until the comptroller has decided that it is necessary to collect, and has demanded such portion. The suit in equity upon the first assessment, however, may pass to an interlocutory decree for contribution, may then be held over, and upon proper supplementary proceedings subsequent assessments may be enforced in that suit. The acts of congress confer the power and impose the duty upon the comptroller to determine within the statutory limit the amounts that shall be paid by each stockholder upon his individual liability, and the times when he shall pay these amounts. The liability of the shareholder does not mature—does not become due—until the comptroller adjudges it to be payable and demands it, and it falls due in such amounts and at such times as he decrees. Kennedy v. Gibson, 8 Wall. 498, 505, 19 L. Ed. 476; U. S. v. Knox, 102 U. S. 422, 425, 26 L. Ed. 216; Bank v. Case, 99 U. S. 628, 634, 25 L. Ed. 448; Casey v. Galli, 94 U. S. 673, 681, 24 L. Ed. 168; Bushnell v. Leland, 164 U. S. 684, 685, 17 Sup. Ct. 209, 41 L. Ed. 598.

The statute of limitations does not commence to run against the enforcement of the entire liability or against the enforcement of any particular portion of it until the comptroller of the currency has called the entire liability or the particular part of it in issue. Aldrich v. Campbell, 97 Fed. 663, 669, 38 C. C. A. 347, 353; Studebaker v. Perry (C. C. A.) 102 Fed. 947; Howarth v. Ellwanger (C. C.) 86 Fed. 54; Aldrich v. Yates (C. C.) 95 Fed. 78, 81; Thompson v. Insurance Co. (C. C.) 76 Fed. 892, 894; Scovill v. Thayer, 105 U. S. 143, 155, 26 L. Ed. 968; Hawkins v. Glenn, 131 U. S. 319, 333, 9 Sup. Ct. 739, 33 L. Ed. 184; Glenn v. Liggett, 135 U. S. 533, 545, 10 Sup. Ct. 867, 34 L. Ed. 262.

The liability of a shareholder of a national bank is contractual. It rests on his subscription for or his receipt and acceptance of his stock. By that act he agrees to be a shareholder of the bank, and to assume and discharge all the legal obligations and duties of such a

shareholder. Bank v. Hawkins, 174 U. S. 365, 370, 19 Sup. Ct. 739, 43 L. Ed. 1007. Upon familiar principles the acts of congress and the settled rules of law to which reference has now been made are necessarily read into and become a part of every stockholder's contract. The agreement of the shareholder with the bank and its creditors thus becomes a contract that, to an amount not exceeding the par value of his shares of stock, and not exceeding his equal and ratable proportion, he will pay, at such times and in such amounts as the comptroller of the currency shall decide to be necessary and shall demand, the debts and obligations of his bank. Rev. St. §§ 5151, 5234; Kennedy v. Gibson, 8 Wall. 498, 19 L. Ed. 476.

We are now ready to enter upon a consideration of the reasons in support of the contention of the defendants that the receiver of a national bank who has enforced the payment of one assessment against its stockholders by a judgment at law may not maintain another action at law against the same stockholders to collect a later assessment. It is said that the liability of a shareholder is an indivisible demand; that it arises out of a single contract; that the comptroller cannot separate it into parts; and that a judgment for a part is an election to take that part in satisfaction of the whole, and necessarily estops the receiver from maintaining a second action for any part of the residue. The rule that a judgment for a part of an entire demand which is due at the time the action is brought is an election to take that part in satisfaction of the whole, and that the judgment estops the plaintiff from maintaining another action for the residue of the demand, is conceded to be well settled, sound, and just. Baird v. U. S., 96 U. S. 430, 432, 24 L. Ed. 703. But there is a limitation to this rule as well settled, as just, and as reasonable as the rule itself. It is that a judgment for the recovery of a part of a contractual demand which is due at the time the action is commenced does not estop the plaintiff from maintaining a subsequent action at law upon the same contract to recover a part of the same demand which becomes due after the commencement of the first action. Actions to recover installments of a debt evidenced by a single contract, to recover monthly or yearly rents reserved in a single lease, to recover installments of a subscription for stock in a corporation payable at the call of the board of directors or other officers, are familiar illustrations of the exception to the rule. A recovery in an action at law for an installment of a subscription for stock of a corporation called by the proper board or officer is no estoppel from maintaining another action at law against the same defendant for another installment of his subscription called after the first action was commenced. The case in hand falls without the rule and beyond its limitation. The contract of the shareholders of a national bank is to discharge their liability for its debts at such times and in such amounts as the comptroller of the currency shall decide to be necessary and shall appoint. On April 13, 1895, he decided that it was necessary for the shareholders of this bank to pay 75 per cent. of the par value of their stock on May 15, 1895, and he demanded that payment. On February 7, 1899, he decided that it was necessary for them to pay the remaining 25 per cent. of the par value of their

stock on March 7, 1899, and demanded the payment of this assessment. The receiver brought an action against the defendants, based upon the first assessment, and on October 19, 1896, recovered a judgment therefor. But this action and judgment failed to constitute an election to take a part of the defendants' liability in payment of the whole, and an estoppel from recovering the residue because the remainder of their liability had not been called and was not due when the first action was commenced. The receiver could not then have maintained an action for the amount of this second assessment, and therefore his failure to do so raised no estoppel against him. A judgment in an action at law brought by the receiver of a national bank against its shareholders to recover an assessment made by the comptroller to pay the debts of the bank does not estop him from maintaining a second action against the same defendants to recover a subsequent assessment that had not been made or was not due when the first action was brought.

Another contention of the defendants is that the power of the comptroller to determine the amounts required of the stockholders of a national bank to pay its debts is quasi judicial; that a quasi judicial power once exercised is exhausted; and that, therefore, when the comptroller has decided that it is necessary to collect a certain amount of money of the shareholders of the bank, and has made a call or assessment for this amount, he has thereby exhausted his power, and cannot lawfully subsequently determine that more money is necessary to pay the obligations of the bank, or make a subsequent call for any part of the residue. Conceding the premises of this argument, the conclusion does not necessarily follow. The fallacy in it is in the tacit assumption that a determination that it is necessary to collect a certain proportion—for example, 25 per cent. of the par value of the stock of a bank—to pay its debts is a decision that it is not necessary to collect more. Such an assumption is unfounded in fact or in reason. When the comptroller examines the financial condition of an insolvent bank, he may often safely decide that at least 25 per cent. of the par value of the stock must be paid in by the shareholders to discharge its debts, when he cannot determine, does not know, and cannot undertake to decide how much more will be required for that purpose. A decision or practice which would require him to decide in the first instance, and before he fixed any assessment, that no more than the amount of that assessment would ever be required to discharge the debts and obligations of the bank, would, in effect, compel him to call for the entire amount of the liability of the stockholders immediately upon the failure of the bank. It would compel him to draw into the treasury of the United States, and to hold there in idleness, sometimes for years, large amounts of the money of the shareholders, until delayed collections could be made, and final settlements could be effected; and it would inevitably result in unnecessary and intolerable hardship. A conclusion that would entail such results ought not to be reached unless it is compelled by established principles of law, or by clear declarations of the statutes. The acts of congress only provide that the receiver, under the direction of the comptroller, "may, if necessary to pay the debts

of such association, enforce the liability of the stockholders." How, when, in what amounts, at what times he shall enforce this liability, whether by a single requisition of the entire amount needed to pay the debts of the bank, or by calls for installments thereof from time to time, all these questions are left undetermined by the statutes; and by their very silence the decision of these questions is necessarily confided to the judicial discretion of the comptroller. There is nothing in the acts of congress which requires a ruling that the comptroller is empowered to make but a single assessment. Nor do the decisions of the courts sustain that position. They expressly hold that it is the province and duty of the comptroller to determine whether he will assess the entire amount required of the shareholders in the first instance, or will require and demand it in successive install-ments, payable at different times. In Kennedy v. Gibson, 8 Wall. 498, 505, 19 L. Ed. 476, 478, the supreme court held that no action at law or suit in equity could be maintained to enforce the liability of a shareholder until the comptroller had made a requisition for or an assessment of the amount for which the action or suit was brought; and then said: "Where the whole amount is sought to be recovered, the proceeding must be at law. Where less is required, the proceed-ing may be in equity; and in such case an interlocutory decree may be taken for contribution, and the case may stand over for further action of the court,—if such action should subsequently prove to be necessary,—until the full amount of the liability is exhausted,"— thereby clearly recognizing the power of the comptroller to make sub-sequent assessments after a suit had been brought upon the first, since in no other way could "the full amount of the liability be ex-hausted" in a case in which less than the full amount was called in the first instance. In U. S. v. Knox, 102 U. S. 422, 425, 26 L. Ed. 216, although the question here at issue was not before the court for adjudication, successive assessments made by the comptroller are spoken of as clothed with the same presumptions of legality, and are placed in the same category as his first assessments. In Studebaker v. Perry, 102 Fed. 947, the circuit court of appeals of the Seventh circuit, and in Aldrich v. Campbell, 97 Fed. 663, 38 C. C. A. 347, the circuit court of appeals of the Ninth circuit, have decided the very question here at issue in favor of the power of the comptroller to make successive assessments, and no holding to the contrary has been called to our attention, with the exception of that of the learned judge below in the case now under review, and the construction and practice of the comptrollers of the currency for 33 years before the installation in office of the comptroller who made the assessment under consideration.

It is strenuously insisted that this construction of the acts of con-gress by these various comptrollers and the uniform practice of their office for 33 years should have great, if not controlling, weight in the decision of this question. The opinions of the officers of any depart-ment of the government relative to the construction of a statute whose execution has been committed to them by the congress of the United States are always persuasive, and entitled to careful consid-eration, when the statute is ambiguous, or the question at issue is

doubtful. But the decisions of the officers of the executive departments of the government upon the construction of the acts of congress are not conclusive, and the duty of a court to exercise its own judgment in considering and determining the issues presented to it is imperative and unavoidable. Hence, where the terms and meaning of an act of congress are plain, and a court is convinced upon reason and authority that a correct determination of the question before it requires a decision contrary to the construction and practice of the officers of an executive department of the government, that determination must prevail, and that decision must be rendered. The courts cannot lawfully renounce their judicial powers in favor of opinions of officers of other departments. Hartman v. Warren, 76 Fed. 157, 162, 22 C. C. A. 30, 35, 40 U. S. App. 245, 253, 254; Webster v. Luther, 163 U. S. 331, 342, 16 Sup. Ct. 963, 41 L. Ed. 179; U. S. v. Tanner, 147 U. S. 661, 663, 13 Sup. Ct. 436, 37 L. Ed. 321; Merritt v. Cameron, 137 U. S. 542, 11 Sup. Ct. 174, 34 L. Ed. 772; U. S. v. Graham, 110 U. S. 219, 3 Sup. Ct. 582, 28 L. Ed. 126; Swift Co. v. U. S., 105 U. S. 691, 26 L. Ed. 1108. Our conclusion is that under sections 5151 and 5234 of the Revised Statutes the comptroller of the currency has power to make successive assessments upon the shareholders of an insolvent national bank, not exceeding in the aggregate the full liability of such shareholder, to pay the debts of the bank, and that the receiver of such bank may maintain successive actions at law against such shareholders for such assessments as were not respectively due when prior actions upon the liability were brought. Kennedy v. Gibson, 8 Wall. 498, 505, 19 L. Ed. 476.

A single issue remains. It is argued that, although the comptroller of the currency had the power to make a second assessment in a proper case, he had not in this case, because, according to the allegations of the answer, the moneys called by this second assessment were not necessary to pay any of the debts of the bank, but were called and are demanded solely to make good losses which the receiver has sustained in the administration of the affairs of the association by means of his unauthorized investment of moneys of the bank in property in the state of California. But this question is not open to litigation in this case. Under the acts of congress and the decisions of the courts to which reference has been made the comptroller of the currency constitutes a quasi judicial tribunal, to whose exclusive determination congress has intrusted the decision in the first instance of the questions, what proportion of the full liability of the shareholder of an insolvent bank it is necessary to collect to pay its debts, and when this amount shall be paid. His decisions of questions within his jurisdiction are, like the decisions of the land department and of other quasi judicial tribunals, impervious to collateral attack, and open to avoidance by the court only in a direct attack upon them on the grounds of clear error of law, fraud, or mistake. U. S. v. Knox, 102 U. S. 422, 425, 26 L. Ed. 216; U. S. v. Northern Pac. R. Co., 95 Fed. 864, 870, 37 C. C. A. 290, 296; Bogan v. Mortgage Co., 63 Fed. 192, 195, 11 C. C. A. 128, 130, 27 U. S. App. 346, 350; U. S. v. Winona & St. P. R. Co., 67 Fed. 948, 959, 15 C.

C. A. 96, 107, 32 U. S. App. 272, 289. There is no averment of any error of law or of any fraud in the action of the comptroller in this case. Nor does the answer contain allegations sufficient to warrant the consideration of the mistake of fact, which is suggested. One who would attack for mistake of fact the judgment of an officer to whose decision the legislative department of the government has committed the determination of a question must distinctly plead and clearly prove the evidence before such officer from which the mistake resulted, the particular mistake that he made, the way in which the mistake occurred, and the fact that, if the mistake had not been made, the decision would have been otherwise, before a court can enter upon the consideration of the main issue alleged to have been decided by the officer through mistake. U. S. v. Northern Pac. R. Co., 95 Fed. 864, 882, 37 C. C. A. 290, 308; U. S. v. Atherton, 102 U. S. 372, 374, 26 L. Ed. 213; U. S. v. Budd, 144 U. S. 154, 167, 168, 12 Sup. Ct. 575, 36 L. Ed. 384; U. S. v. Mackintosh, 56 U. S. App. 483, 490, 29 C. C. A. 176, 179, 85 Fed. 333, 336; U. S. v. Throckmorton, 98 U. S. 61, 66, 68, 25 L. Ed. 93; Marquez v. Frisbie, 101 U. S. 473, 476, 25 L. Ed. 800. There is nothing of this character in the answer in this case, and, even if it contained such allegations, they would not constitute a defense at law, but it would be necessary for the defendant to present them by a bill in equity praying for the proper relief. There is, therefore, nothing in the answer which would warrant a consideration of the correctness of the action of the comptroller of the currency in calling for this second assessment. The only question it presents is whether or not the determination of that question was within his jurisdiction, and of that there can be no doubt. Whether it was necessary to collect this second assessment of 25 per cent. of the par value of the stock of these defendants for the sole purpose of supplying losses wrongfully made by the receiver in the administration of the affairs of the bank, or it was necessary to collect it to pay the debts of the bank, regardless of such deficiency, was a question clearly within the jurisdiction of the comptroller; a question which he must have decided adversely to the defendants when he determined to make this second assessment, and a question upon which his decision is conclusive against the collateral attack upon it which is made by the defendants in their answer. Latimer v. Bard (C. C.) 76 Fed. 536, 540; Kennedy v. Gibson, 8 Wall. 498, 505, 19 L. Ed. 476; Bank v. Case, 99 U. S. 628, 634, 25 L. Ed. 448; Bank v. Case, 131 U. S. Append. 144, 23 L. Ed. 961; Casey v. Galli, 94 U. S. 673, 681, 24 L. Ed. 168; Bank v. Mathews, 85 Fed. 934, 941, 29 C. C. A. 491, 497, 56 U. S. App. 636, 651; Aldrich v. Yates (C. C.) 95 Fed. 78, 80.

This action is not barred by the statute of limitations. The assessment upon which it is based did not fall due until the time fixed for its payment by the comptroller on March 7, 1899, and this action was brought within seven months thereafter. The judgment below is reversed, and the case is remanded to the circuit court, with directions to enter judgment for the plaintiff in error for the amount claimed in his petition.