DUETT *v.* PINE MFG. CO., INC., et al.

Division A. Nov. 13, 1950.

No. 37629 (48 So. (2d) 490)

832

J. V. Gibson and Champ C. Gibson, for appellant.

Snow & Covington, for appellees.

**Kyle, J.**

This is an appeal from two orders of the circuit court of Lauderdale County rendered in favor of the defendants in a suit filed by the appellant, H. K. Duett, against Pine Manufacturing Company, Inc., and J. C. Bomar, appellees, to recover statutory penalties for cutting timber, and for the actual value of the timber and other damages alleged to have been sustained by the plaintiff on account of the wrongful cutting and removal of the timber.

Inasmuch as the questions to be decided on this appeal relate entirely to the rulings of the lower court on the pleas in bar of the action filed by the defendants, it is necessary that we examine in detail the pleadings themselves.

Appellant, plaintiff in the court below, in his declaration which was filed on August 31, 1949, alleged that he was the owner of standing timber on certain lands in Lauderdale County, which are described in an exhibit attached to the plaintiff's declaration; that he was indebted to the defendant, Pine Manufacturing Company, Inc., on a promissory note which was secured by a mortgage deed of trust upon the timber; that it was mutually agreed between the plaintiff and the defendant, Pine Manufacturing Company Inc., that the plaintiff was to cut the standing timber into logs suitable to be sawed into lumber and deliver the logs to the company's

sawmill, at Meridian, where they were to be sawed into lumber; and that plaintiff was to receive therefor, as a credit upon his indebtedness, $32 per thousand board feet, log scale, for all hardwood logs and $42 per thousand board feet for all pine logs; that during the month of April 1949, the defendants, Pine Manufacturing company, Inc., and J. C. Bomar, its president and general manager, without the knowledge and consent of the plaintiff, unlawfully, willfully, knowingly, purposely and oppressively took their crew of men and their equipment and went upon the lands and cut 112 trees, which were sawed into sawlogs, and cut down three other trees, which were not cut into sawlogs, and broke down seven other trees; that under the law plaintiff was entitled to recover $15 per tree for the 112 trees, making a total of $1,680, as the statutory penalty for the wrongful cutting of the trees. The plaintiff also alleged in his declaration that there was approximately 28,000 feet of lumber, log scale, in the 112 trees, and that same was worth $22 per thousand feet, log scale, which amounted to $616. The plaintiff also alleged that the defendants had also felled treetops across his log roads and inflicted other damage of a similar nature to the amount of $150. And the plaintiff demanded judgment against the defendants, jointly and severally, for the total sum of $2,446.

A copy of the above mentioned deed of trust was attached to the plaintiff's declaration, and the deed of trust which was dated January 22, 1949, showed on its face that the timber was to be removed from the land within one year from the date thereof.

The defendants filed a demurrer to the plaintiff's declaration and alleged as grounds for demurrer that there was a misjoinder of causes of action, in that a claim for recovery of the statutory penalty for cutting trees, together with an action for the actual value of the trees, could not be joined with a claim for damages for

trespass upon lands. The demurrer was overruled by the court, and the defendants then filed their answer.

In their answer the defendants admitted that the plaintiff was indebted to the defendant, Pine Manufacturing Company, Inc., on a note and deed of trust, as alleged in plaintiff's declaration. The defendants in their answer stated that the indebtedness thus due and owing by the plaintiff to the said Pine Manufacturing Company, Inc. was for money advanced by the Pine Manufacturing Company, Inc. to the plaintiff to enable the plaintiff to purchase the tract of timber in question. The defendants also admitted that it was agreed between the plaintiff and the defendant, Pine Manufacturing Company, Inc., that the plaintiff was to cut the timber into logs and deliver the logs to the company's plant, in Meridian, and that the company was to manufacture the logs into lumber and pay the plaintiff therefor at the rate of $42 per thousand board feet for pine and $32 per thousand board feet for hardwood. The defendants, in their answer, denied that they had, without the knowledge and consent of the plaintiff, unlawfully, willfully, knowingly, purposely and oppressively taken a crew of workmen upon the lands and cut, sawed, and broken down the trees upon said lands, as alleged in plaintiff's declaration. The defendants admitted that they had put a crew of workmen in the woods and cut and hauled trees and logs, but alleged that this was done with the knowledge and consent of the plaintiff. The defendants denied that the trees cut contained 28,000 feet of lumber, log scale, and alleged that on the contrary all trees cut and all logs hauled contained only 11,543 feet. They admitted that the pine was worth $22 per thousand feet, but alleged that the hardwood was worth only $12 per thousand feet. The defendants denied in their answer that they had cut treetops across the roads or otherwise damaged the plaintiff in the sum of $150, as alleged in plaintiff's declaration.

The defendants in their answer further alleged that the plaintiff and the defendant, Pine Manufacturing Company, Inc., dealt and operated together in the timber and lumber business and were joint adventurers in connection with the tract of timber in question; that the company, through its president and general manager, J. C. Bomar, put up the money to enable the plaintiff to purchase the tract of timber in question; that the plaintiff agreed to cut the timber into logs and deliver the logs to the company's plant at Meridian; and that the plaintiff was to be paid therefor at the rates above stated; that the note executed by the plaintiff to the defendant, Pine Manufacturing Company, Inc., was a demand note for $3,350; and that it was agreed that as the pine logs were brought to the plant, the company would credit the note with $22 per thousand board feet, Doyle scale, and pay the plaintiff $20 per thousand board feet in cash; and that the entire tract of timber was to be cut, hauled and delivered, and paid for on that basis.

The defendants in their answer further alleged that the tract of timber contained approximately 170,000 feet; that plaintiff started to cut and haul the logs shortly after the timber was purchased in January 1949, and that payments were made therefor as agreed to; that the company, however, became dissatisfied with the progress being made by the plaintiff in getting the timber cut and hauled and urged upon the plaintiff the necessity for greater effort on his part to get the timber cut and hauled within the period of one year allowed under the timber deed; and that the company advised the plaintiff that it appeared to be necessary that the company put crews in the woods and assist in the cutting and hauling of timber, and that upon being so advised the plaintiff offered no objection and offered no alternative plan; and that on April 18, 1949, the company sent a crew of workmen and two trucks into the woods to help cut and haul the timber ''all under the impression and understanding

on the part of the defendant company and its president, J. C. Bomar, that the plaintiff had no objection to such course;'' that the plaintiff on the following day ordered the crew to stop cutting and hauling, and that plaintiff thereafter refused to permit any further cutting and hauling, except by himself, and under his direction, and that the plaintiff refused and failed to cut and haul any more logs to the company's plant; whereupon the company demanded payment of the balance due on plaintiff's demand note and requested the trustee to begin foreclosure proceedings under the mortgage deed of trust.

The defendants in their answer further alleged that after the proceedings for the foreclosure of the deed of trust had been started the plaintiff and the company undertook to arrive at the sum due on the note and the mortgage deed of trust, and that the plaintiff paid to the company the sum claimed by it; that in computing the amount of the balance due on the note the company gave the plaintiff credit for 15,622 feet of logs removed from the tract in question, 2,341 feet of hardwood at $32 per thousand board feet and 13,281 feet of pine at $42 per thousand board feet, making a total of $632.71, but that from this figure the company deducted the sum of $312.44 to cover the alleged cost of cutting and hauling the 15,622 feet of logs at $20 per thousand; that the plaintiff thereafter filed suit against the Pine Manufacturing Company, Inc., in the county court of Lauderdale County, and claimed that the company had no legal right to deduct the cost of cutting and hauling the logs, amounting to $312.44, that judgment was rendered by the county court in favor of the plaintiff and against the defendant, Pine Manufacturing Company, Inc., for said sum, with interest, and that the judgment had been paid in full prior to the date of the filing of defendants' answer in this cause.

The defendants in their answer further alleged that the timber and logs cut and hauled by the defendants

from the above mentioned tract of timber were cut and hauled in good faith and in the belief and with the understanding that defendants had a right to cut and haul said timber, and that when the plaintiff demanded that the defendants cease their timber cutting operations, they immediately did so. The defendants also alleged that the plaintiff had already received payment in full of the actual value of the trees and logs referred to, and the defendants pleaded said payment of $632.71, as set forth above, as a set-off against the demand of the plaintiff for the actual value of the timber.

The defendants, after answering plaintiff's declaration, as set forth above, then incorporated in their answer separate pleas that the cause of action of the plaintiff for the statutory penalty, and for the actual value of the trees cut, and for the trespass complained of in the declaration constituted one single cause of action, yet prior to the filing of the declaration in this cause plaintiff had filed suit in the county court of Lauderdale County against the Pine Manufacturing Company, Inc., in which he had sued to recover a balance alleged to be due for the actual value of the identical trees and logs referred to in plaintiff's declaration in this cause; that judgment had been rendered in the county court suit in favor of the plaintiff, and that the judgment had been paid in full; that the plaintiff had thus split his cause of action and had elected to sue for the value of the property in question, and that he was now precluded from proceeding in this cause for recovery of the statutory penalty and alleged damages for trespass. And, in like manner, the defendants, in their answer, interposed separate pleas of res adjudicata, payment, and accord and satisfaction, and the defendants asked that these special pleas be separately heard and disposed of before the principal trial of the cause.

On the hearing of the pleas in the circuit court, the defendants introduced the entire court file in the county

court suit, in which judgment had been entered in favor of the plaintiff on October 6, 1949, including the declaration, the exhibits, the process and the final judgment.

The declaration in the county court case had been filed on August 30, 1949. In that case the plaintiff sought to recover from the Pine Manufacturing Company, Inc., the principal sum of $316.19, which he alleged to be due and owing to him by the defendant on account of improper deductions from the credits due him in the final settlement of the balance due and owing by him to the defendant on the demand note for $3,350.

In the declaration filed in the county court the plaintiff had stated the facts relating to the execution by him of the $3,350 demand note, which the plaintiff had given to the Pine Manufacturing Company, Inc., during the month of January 1949, and which was secured by a mortgage deed of trust on the standing timber hereinabove mentioned. In the declaration filed in the county court the plaintiff had also stated that under the terms of the agreement entered into between the parties, the plaintiff was to cut the standing timber hereinabove mentioned into saw logs and deliver them to the defendant at the mill site in Meridian, Mississippi, where they were to be sawed into lumber, and that plaintiff was to receive credit on his note for all of the hardwood logs at $32 per thousand board feet, log scale, and for all pine logs at $42 per thousand feet, log scale; that during the month of April 1949, the defendant, without the knowledge and consent of the plaintiff, took a crew of workmen and equipment of the defendant and went upon said lands and cut some of the standing timber into logs, and hauled a part of the logs to the defendant's mill, where the defendant sawed them into lumber, and continued to so cut said timber until stopped; that on April 21, 1949, the defendant made demand on the plaintiff for payment of the unpaid balance of said note, amounting to $2,901.60; that the plaintiff was not in

position to pay all of said note at that time, and that the defendant promptly placed said note and the deed of trust given to secure the same in the hands of the trustee, who immediately advertised the timber for sale under the terms of said deed of trust for the payment of said indebtedness; that the plaintiff, in order to stop a foreclosure of said deed of trust, was forced to pay the defendant the said sum of $2,901.60 and the accrued interest thereon to the date of payment, and also all costs incurred by the trustee in the foreclosure proceedings.

The plaintiff had also alleged in the declaration filed in the county court that the defendant, in computing the amount of the balance due and owing by the plaintiff to the defendant on the above mentioned note, had wrongfully deducted the sum of $312.44 from the amounts of the credits due plaintiff for the hardwood timber and the pine timber, which had been wrongfully cut by the defendant to cover the cost of cutting and hauling the timber; and the plaintiff had alleged that he was entitled to recover from the defendant the said sum of $312.44, which amount represented the balance due him for the timber thus wrongfully cut at the contract prices shown above, that is to say, $32 per thousand board feet for hardwood logs, and $42 per thousand board feet for pine logs. The plaintiff had also included in the declaration filed by him in the county court an item of $3.75, which had been charged against him for recording the above mentioned deed of trust.

On the hearing of the pleas in bar of the action in the circuit court, after the introduction of the record of the suit in the county court, it was expressly stipulated and agreed by the attorneys for the respective parties that the judgment recovered by the plaintiff against the defendant on October 6, 1949, in the county court suit, had been paid. It was also expressly stipulated and agreed that the tract of timber involved in the suit in the circuit

court was the identical tract of timber involved in the suit in the county court. At the conclusion of the hearing in the circuit court, the court entered two orders sustaining the pleas in bar of the plaintiff's action to the effect (1), that plaintiff's cause of action for the statutory penalty, and for the actual value of the timber, and for the trespass complained of in the declaration was all one single cause of action, and that the plaintiff had split his cause of action by filing a suit in the county court of Lauderdale County against the defendant, Pine Manufacturing Company, Inc., for recovery of the balance alleged to be due him for the actual value of the identical trees and logs; and (2) that judgment had been rendered in the county court in favor of the plaintiff for the amount sued for in said court, and that said judgment had been paid in full; and (3) that the plaintiff was thereby precluded from maintaining his present action.

The appellant on appeal to this Court has assigned as errors the following: (1) That the court erred in sustaining the pleas of res judicata and estoppel as to the appellee, Pine Manufacturing Company, Inc., and (2) that the court erred in sustaining the pleas of res judicata and estoppel as to the appellee, J. C. Bomar.

The appellant in his brief contends that he did not sue the appellee, Pine Manufacturing Company, Inc., in the county court of Lauderdale County for the value of any timber that was cut by the appellee, as the contract value had already been credited to the appellant in settlement of the deed of trust indebtedness referred to in the declaration filed in the county court, and appellant insists that he sued the appellee in the county court suit only for two items overcharged on the account or statement of the indebtedness secured by the deed of trust, which the appellant alleges was settled by him under duress, the items of the overcharge being the $312.44 which was deducted from the contract price of the timber or logs that appellee had wrongfully cut, and a $3.75 recording

fee for recording the deed of trust given to secure the demand note referred to in the pleadings.

In the statement attached as Exhibit "A" to the declaration filed in the county court, the items relating to the timber are listed as follows:

"Timber Cut and Hauled by
Pine Mfg. Co., Inc.

| | |
|---|---|
| 2341 feet hardwood at 32.00 per M. | $ 74.91 |
| 13,281 feet pine at 42.00 per M. | 557.80 |
| | 632.71 |
| Less cutting and hauling cost | |
| 15,622 feet at 20.00 per M. | 312.44 |
| | 320.27 |
| Less severance tax | 3.12 |
| | 317.15" |

From an examination of the declaration filed in the county court, and the above mentioned statement of account attached to the declaration, it is clear that the appellant was claiming in his suit in the county court that he was entitled to be paid the full market value of the timber and logs cut and hauled by the Pine Manufacturing Co., Inc., according to the contract prices stated in the declaration, which amounted to $632.71; that in the settlement of the indebtedness due and owing by him on the demand note (which said settlement was made several weeks before suit was filed in the county court), he had received credit for only $317.15; that in the settlement of the demand note the company had withheld the sum of $312.44 as an expense charge for cutting and hauling the timber; and that appellant was entitled to recover that amount, which represented the balance still due and owing to him for the actual value of the timber.

We think that the learned circuit judge was justified in holding that the suit in the county court was in reality a suit by the plaintiff to collect the balance which was due and owing to him for the timber and logs which the defendants had wrongfully cut, according to the contract prices stated in the declaration, and that appellant had split his cause of action.

▮▮ At the time the appellant filed his suit in the county court, the appellant had before him his entire cause of action for the statutory penalty for the wrongful cutting of the timber, and for the actual value of the timber and for other damages, for all of which he might have sued at that time. Appellant elected to sue in the county court for only a part of his entire demand, and to file suit later in the circuit court for other parts of his entire demand.

We do not believe that under the settled rules of law appellant can split his cause of action into two or more suits as he has attempted to do in the cases which we now have before us.

The rule is well established that if a single cause of action is split and some component part of it is determined, such determination will bar further proceedings to recover upon the remaining component part. In 1 Am. Jur. 481, we find the rule stated as follows: ▮▮ "The law does not permit the owner of a single or entire cause of action or an entire indivisible demand, without the consent of the person against whom the cause or demand exists, to divide or split that cause or demand so as to make it the subject of several actions. The whole cause must be determined in one action. If suit is brought for a part of a claim, a judgment obtained in that action precludes the plaintiff from bringing a second action for the residue of the claim, notwithstanding the second form of action is not identical with the first, or different grounds for relief are set forth in the second suit. ▮▮ This principle not only embraces what

was actually determined, but also extends to every other matter which the parties might have litigated in the case. The rule is founded upon the plainest and most substantial justice,—namely, that litigation should have an end and that no person should be unnecessarily harassed with a multiplicity of suits.''

A judgment for a part of an entire, indivisible demand, all of which is due when the action is commenced, is an election to take the part in satisfaction of the whole and estops the plaintiff from recovering the residue. Deweese v. Smith, 8 Cir., 106 F. 438, 66 L. R. A. 971, affirmed in 187 U. S. 637, 23 S. Ct. 845, 47 L. Ed. 344.

The rule thus stated has been approved and applied by our own Court in several cases. See Kimball v. Louisville & Nashville R. R. Co., 94 Miss. 396, 48 So. 230; Farmer v. Union Ins. Co. of Indiana, 146 Miss. 600, 111 So. 584.

Section 1075 of the Code of 1942, under which the declaration was filed in this cause, was enacted in its present form as chapter 167, Laws of 1924. Prior to that time the plaintiff in a proper case might sue to recover the statutory penalty for the timber wrongfully cut, or for the actual damages, but he could not sue for both. The change that was made in the law in 1924 clearly indicated that it was the intention of the legislature to authorize the bringing of a suit for both the statutory penalty and the actual damages, and that they together should constitute one cause of action. In the case of Fleming v. Dunigan Cooperage Co., Inc., et al., 144 Miss. 769, 109 So. 851, which was decided by the Court only a short time after the 1924 act was passed, the Court, in an opinion written by Justice Ethridge, stated the following: ''A careful reading of this section shows it was the purpose of the Legislature to authorize bringing of a suit for both the statutory penalty and the actual damages, and that they, together, constitute one cause of action and need not be placed in separate counts.

In fact, we think proper pleading requires that both demands be set forth in the same count, and that it is better pleading to so state the cause of action. It was not the legislative purpose to require the plaintiff to go into one court for the statutory penalty and into another court to secure damages for the actual value. To so do would destroy the purpose of the section authorizing them to be recovered in a single suit. The court below therefore was in error in splitting the cause of action and denying plaintiff the right to recover the actual value in the same suit as the statutory penalty was sought to be recovered.''

In the Fleming case, the Court held on suggestion of error that the court erred in applying the provisions of Chapter 167, Laws of 1924, to the case which was then under consideration by the court on appeal, because the trespass complained of in that case had occurred prior to the passage of the new act, and that consequently Section 3246, Hemingway's Code, Section 4977, Code of 1906, covered the rights of the litigants in that case. But the court, in the opinion on suggestion of error, adhered to the construction placed upon the new act in the opinion from which we have quoted above.

We do not think that appellant was justified in splitting his cause of action, or that appellant's case comes within the rule that in exceptional cases a cause of action may be split to conserve the ends of justice.

We think that the learned circuit judge was also correct in sustaining the defendants' pleas of res judicata and payment.

██ ██ It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions become res judicata and may not again be litigated in a subsequent action between the same parties or their privies, regardless of the form the issue may take in the subsequent ac-

tion. 30 Am. Jur. 920, par. 178, and cases there cited: Harvison v. Turner, 116 Miss. 550, 77 So. 528; Dean v. Board of Supervisors of De Soto County, 135 Miss. 268, 99 So. 563; Bates v. Strickland, 139 Miss. 636, 103 So. 432; and Cotton v. Walker, 164 Miss. 208, 144 So. 45.

The recovery of the judgment in the county court for the unpaid balance of the actual value of the timber and logs which the defendants had wrongfully cut, and the payment in full of that judgment precludes any further action by the plaintiff to recover additional damages and penalties for the wrongful cutting of the timber and logs. By the credit received for the timber and logs on the demand note and the recovery by suit in the county court of the additional amount alleged to have been due and owing to the plaintiff for the timber and logs thus wrongfully cut, appellant has received payment in full for the timber and logs involved in the case which we now have before us.

Appellant claims, however, that he was entitled to be paid for approximately 28,000 board feet of timber and logs, and that he has been paid for only 15,622 board feet, and that for that reason the pleas of res judicata and payment should not have been sustained by the lower court. But, as we see it, that was a matter which could have been presented, and which should have been presented, in the suit in the county court, where the quantities of timber cut and the value of same, the amounts allowed as a credit therefor in the settlement of the demand note, and the balance due and owing for said timber were being determined for the purpose of fixing the additional amount which the plaintiff was entitled to receive over and above the amount credited on the demand note at the time the demand note settlement was made.

Appellant also claims that the acceptance of the credit which he received for the timber at the time of the settlement of the demand note was a part of a settlement made by him under duress, and that neither the values

nor the quantities used in that settlement should be binding upon him in the present action. A sufficient answer to this contention is that the credit received by him for the timber at the time of the settlement of the demand note was not treated as a final settlement of his demands for the wrongful cutting of the timber by the Pine Manufacturing Company, Inc. The final settlement of those demands was made after appellant's recovery of the judgment in the county court, and appellant was not under any duress when he filed his suit in the county court or when he accepted payment of the judgment which he had recovered in the county court on October 6, 1949.

The county court judgment, in our opinion, is res judicata as to any other cause of action that the appellant had against the Pine Manufacturing Company, Inc., for cutting and hauling the timber referred to in the declaration filed in this cause. Appellant could have brought suit in the beginning for the statutory penalty and for the value of the timber and damages, as a single cause of action. But he elected to sue first in the county court only for the unpaid balance of the actual value of the timber which the defendant had withheld at the time of settlement of the demand note. There was before the county court in the trial of that case the precise question of how much more the defendant actually owed the plaintiff for the timber which was wrongfully cut and hauled away. That question was decided and judgment was rendered and paid. We do not think that another action can be maintained against the defendant on account of the cutting and hauling of the timber involved in that suit.

The case of Darrill v. Dodds, 78 Miss. 912, 30 So. 4, is a case that is strikingly similar to the case which we now have before us, although the payment made to the plaintiff for the timber wrongfully cut in that case was made by the defendants voluntarily and before the suit was filed. In that case Mrs. Darrill sued Dodds and

others for the statutory penalty for the wrongful cutting of 249 trees and for the actual value of the trees.· The evidence showed that the defendants having cut the trees upon the lands owned by Mrs. Darrill, acknowledged the same by letter and claimed that the trees had been cut by mistake; and, upon making an account of what the trees were worth at the price agreed upon with the supposed owner, the defendants sent a draft to Mrs. Darrill for $281, and their letter requested her to accept it "in settlement of your timber". Mrs. Darrill collected the draft and appropriated the money to her use, and her husband wrote the defendants that they would be given credit for the $281 paid. In affirming a judgment in favor of the defendants, the Court said: "It seems hardly possible that the law would permit Mrs. Darrill to take the $281 given by defendants in payment of her timber at its market value, and then turn round and claim the statutory penalty of fifteen dollars per tree. The payment of the $281 as the expressed satisfaction for her timber at its market value, and her acceptance of it with a knowledge of the terms upon which it was paid, was an election upon her part to consider the timber sold at its market value, and this election she could not thereafter repudiate. She may not play fast and loose in the same transaction."

Finally ██ ██ the appellant insists his cause should be reversed and remanded, if not as to both appellees, then at least as to the appellee, J. C. Bomar, as he was not a party to the county court suit, and has paid nothing. The declaration alleged that Bomar was the president and controlling head of the Pine Manufacturing Company, Inc., and that he actively participated in the commission of the alleged tortious acts of which the plaintiff complains. Bomar was treated as a joint tort-feasor, and the same recovery sought of the Pine Manufacturing Company, Inc., was also sought against him personally. His responsibility and liability was not alleged to be

separate or different, but identical with that of the Pine Manufacturing Company, Inc.

We think that under the facts alleged and shown in the record that we have before us satisfaction and settlement of the judgment obtained against the Pine Manufacturing Company, Inc., in the county court had the effect of releasing Bomar, as well as the Pine Manufacturing Company, Inc.

In the case of Hunt v. Ziegler, Tex. Civ. App., 271 S. W. 936, 938, the Court said: "It is a universal rule that where there has been a judgment against one of two or more joint tort-feasors, followed by an acceptance of satisfaction, all other tort-feasors are thereby released, and the judgment and satisfaction may be successfully pleaded by them to the maintenance of the same or another suit by the same plaintiff involving the same cause of action . . . ."

For the reasons stated above, the judgments rendered by the circuit court sustaining the defendants' pleas in bar of the plaintiff's action are affirmed.

Affirmed.