### WALDRON v. ALLING.

(Supreme Court, Appellate Division, Fourth Department. May 13, 1902.)

1. NATIONAL BANKS—LIABILITY OF STOCKHOLDERS—DECISION OF COMPTROLLER OF CURRENCY—CONCLUSIVENESS OF DECISION.

The comptroller of the currency, at such time as he deems proper, and upon such data as are satisfactory to him, may pass upon the necessity of instituting proceedings against national bank stockholders to enforce their personal liability as such; and when his decision is made it is conclusive, and cannot be questioned in any litigation that may ensue.[1]

2. SAME—ASSIGNMENT OF STOCKHOLDER'S LIABILITY.

When the comptroller of the currency decides that it is necessary to enforce the personal liability of a stockholder in an insolvent national bank, and fixes and adjusts the amount thereof, it becomes a definite, liquidated claim against such stockholder, and is subject to sale or assignment by the receiver like any other claim which he may hold as a part of the bank's assets.

3. SAME—ASSIGNMENT—STATUTORY RESTRICTIONS.

Rev. St. U. S. § 5234, providing that the receiver of a national bank "may, if necessary to pay the debts of the association, enforce the individual liability of the stockholders," does not impose any such particular personal trust upon the receiver in the matter of collecting the liability as would deprive him of the power to make a valid assignment thereof after it has been fixed and adjusted by the comptroller of the currency.

4. SAME—ACTION BY ASSIGNEE—FORMALITIES OF VALID ASSIGNMENT—PRESUMPTIONS.

Where, in an action by an assignee of a national bank receiver to enforce the personal liability of a stockholder, it appears that the claim was sold and transferred by the receiver to plaintiff, and that plaintiff is the owner thereof, it will be presumed that whatever formal steps were necessary to make such transfer valid were taken, including any step required by Rev. St. U. S. § 5234, providing that a national bank receiver, upon order of court, may sell or compound all bad or doubtful debts, and, on like order, may sell the personal property of such association on such terms as the court may direct.

Appeal from trial term, Erie county.

Action by Charles W. Waldron against Juliette C. Alling, executrix. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before McLENNAN, SPRING, WILLIAMS, HISCOCK, and DAVY, JJ.

Thomas H. Larkins, for appellant.
Wallace Thayer, for respondent.

HISCOCK, J. This action was brought by the plaintiff as assignee of one Tillinghast, receiver of the Columbia National Bank of Tacoma, Wash., to enforce the liability of defendant's testator as a stockholder in said bank. The learned trial justice before whom said case was tried dismissed the same, upon the ground that such liability of a stockholder could be enforced only by the receiver of the bank, and that a claim founded thereon could not be sold and transferred by him to another person. That is the principal question which has been argued in this court. In its decision as afore-

[1] See Banks and Banking, vol. 6, Cent. Dig. § 914.

said we think error was committed, and that upon the facts appearing plaintiff was entitled to recover.

The facts in this case were stipulated, and from them it appears that the Columbia National Bank of Tacoma, Wash., was a duly organized national bank; that David G. Alling, defendant's testator, subscribed in writing for two shares of its stock, of the par value of $100 each; that after such subscription said bank became insolvent, and one Tillinghast was duly appointed receiver of it; that thereafter the comptroller of the currency "made an assessment and requisition upon the shareholders of said bank of sixty-one dollars ($61.00) per share on each and every share of the capital stock of said bank"; that thereafter "said claim against said David G. Alling was  *  *  *  sold and transferred by said Philip Tillinghast as receiver  *  *  *  to the plaintiff, Charles W. Waldron, who is now the owner and holder thereof."

It is well settled that the decision of the comptroller under the statute that it is necessary to institute proceedings against stockholders in a national bank to enforce their personal liability is conclusive. The stockholders cannot controvert it, and it is not to be questioned in the litigation that may ensue. He may make it at such time as he may deem proper, and upon such data as shall be satisfactory to him. Kennedy v. Gibson, 8 Wall. 498, 505, 19 L. Ed. 476. It is sufficiently stipulated and conceded that the comptroller took this step. No question is made but that the language of the stipulation indicates with sufficient fullness his decision in this regard.

The statutes governing national banks imposed a contingent liability upon defendant's testator as a holder of stock in the defunct bank in question, assuming now that he was such a one. By the determination of the comptroller that this general liability should be fixed and adjusted at $61 per share, the same became a definite, liquidated claim against the stockholder. Casey v. Galli, 94 U. S. 673, 677, 24 L. Ed. 168. When this step had been taken by the comptroller, the liability of the stockholder assumed the same characteristics as any other claim or chose in action which the receiver might hold as part of the assets of the bank. Upon general principles such a claim would be assignable unless prohibited in some way by the statute. It is claimed by the respondent that such prohibition is to be found in section 5234, Rev. St. U. S., which provides, in connection with other clauses, that the receiver "may, if necessary to pay the debts of the association, enforce the individual liability of the stockholders." It is argued that this statutory provision confers a personal trust and duty upon the receiver which may not be delegated by him. We think, however, that it would be a somewhat strained construction to give to the language employed this significance. The comptroller fixes the amount of the individual liability, and makes it, as above stated, a liquidated claim. There is no particular personal trust imposed upon the receiver in the matter of collecting the liability. It is made his duty to realize upon it the same as upon any other asset or claim of the bank which comes into his possession. One of the ordinary methods by which moneys are realized upon a claim is by the sale and assign-

ment of the latter. The present case suggests the difficulties which: would attend a decision that a receiver might not assign such a claim as this. The receiver of this particular bank is located in Washington. The defendant is found in this state. It would be so expensive as probably to render a proceeding fruitless if the former was compelled to personally come to this state to institute his action, while, upon the other hand, it might very well happen that something could be realized upon the claim by the sale and transfer thereof. So that we fail to find in the clause quoted a prohibition against the course taken in reference to this claim. It is said, however, that we are to be governed and controlled by the other clause in the section, which provides that "such receiver  *  *  *  upon the order of a court of record of competent jurisdiction, may sell or compound all bad or doubtful debts, and on a like order may sell all the  *  *  *  personal property of such association on such terms as the court shall direct," and that in this case it does not appear that any order of such a court was made authorizing the receiver to sell this claim. It is true that the stipulation does not specifically set out such step. It is stated, however, that "the claim against the defendant's testator was sold and transferred by said Philip Tillinghast as receiver  *  *  *  to the plaintiff,  *  *  * who is now the owner and holder thereof." We think the fair import of this language is that the transfer was a legal one, which vested in plaintiff the ownership of the claim, and that the words imply that whatever formal steps were necessary to make such: transfer valid and effective were taken.

It is suggested, although not strenuously argued, that it does not appear from the stipulation that defendant's testator was an owner of any stock in the bank at the time it failed. It is stated, however, that he duly subscribed for two shares of stock in said bank; and' with that the presumption would necessarily follow, in the absence of evidence indicating the contrary, that he secured the stock for which he subscribed, and continued to hold it. The judgment appealed from should be reversed, with costs to appellant to abide event.

Judgment reversed, and new trial granted, with costs to appellant: to abide event. All concur.