WHITE *v.* TAYLOR.

4-2820

Opinion delivered February 27, 1933.

*Jeff Bratton,* for appellant.

*Partlow & Rhine,* for appellee.

KIRBY, J., (after stating the facts). It is insisted first that the court erred in refusing to transfer the cause to the chancery court that appellant might have an opportunity to show that the old bank was not really insolvent when it was declared to be so and taken over by the Bank Commissioner for liquidation. He insists that, if certain of the old bank's property wrongfully transferred to others could be recovered, it was sufficient to pay all its liability without any stock assessment. But, however this may be, this action is not the proper one to try the question of fraud or insolvency. Necessity for the levy and call of the stockholder's assessment by the Bank Commissioner was discussed at length in *Davis* v. *Moore,* 130 Ark. 128, 197 S. W. 295, where the court held that the action of the Bank Commissioner in making the assessment of liability of individual stockholders is conclusive in an action to enforce that liability. It was also said in *Poch* v. *Taylor,* 186 Ark. 618: "In any event it is definitely settled that the action of the Bank Commissioner in levying an assessment against the stockholders is conclusive as to the necessity for the call and the amount to be assessed against the stockholders. *Davis* v. *Moore,* 130 Ark. 128, 197 S. W. 295; *Aber* v. *Maxwell,* 140 Ark. 203, 215 S. W. 389." The language of the section of the statute relating to assessments was copied from the National Banking Act, which had been construed by the United States Supreme Court prior to the enactment of our statute, and such construction was necessarily adopted with it. The Supreme Court of the United States said in *Casey* v. *Galli,* 94 U. S. 673, 24 L. Ed. 307, that the Comptroller's order that each stockholder should pay to the receiver the par of his stock cannot be controverted in a suit against the stockholder, saying: "It is conclusive

upon him and makes it his duty to pay. What may be done or intended with respect to other stockholders is immaterial in his case." The appellant could not question in the suit for the collection of the assessment either the necessity therefor or the right of the Bank Commissioner to levy same, and the chancery court could have no jurisdiction of this cause therefore.

It is next insisted that the stockholder's liability was not an asset and could not be assigned in the disposition of the assets for organization of the new bank. It was said in *Collman* v. *State,* 161 Ark. 362, 256 S. W. 357: "This stockholder's liability was not an asset available in the usual and ordinary course of business." See also 7 C. J. 507. Under our statute providing for liquidation of insolvent banks by the Bank Commissioner, he is authorized to maintain all necessary suits, make collections, conserve the assets and business, and, on the order of the chancery court, may sell or compound all bad or doubtful debts, and enforce, if necessary in the State or elsewhere the liability of the failed bank's stockholders. We see no reason why the Bank Commissioner, after the assessment of the stockholder's liability had been made, could not transfer and assign the claims therefor the same as he could any of the other assets of the bank in final settlement of its affairs, and certainly the purchaser of such assets of the bank, including the stockholders' assessments already made, would have the right to use the name of the Bank Commissioner in enforcing the liability, if necessary. *Waldron* v. *Alling,* 76 N. Y. Supp. 251.

We find no error in the record, and the judgment is affirmed.