## AUFDENKAMP et al. v. L'HERRISON.

### No. 6500.

Circuit Court of Appeals, Ninth Circuit. Feb. 15, 1932.

Rehearing Denied April 4, 1932.

W. C. Dalzell and M. J. Gordon, both of Los Angeles, Cal., for appellants.

Frank McNulty, of Long Beach, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and ST. SURE, District Judge.

SAWTELLE, Circuit Judge.

This is a suit by plaintiff as receiver of the Gregory National Bank of Gregory, S. D., a banking association, against the defendants to establish the liability of stockholders in a national banking association.

The complaint, inter alia, alleges: That said bank was a national banking association duly organized and chartered and existing as such pursuant to act of Congress of the United States known as the National Bank Act and was engaged in the banking business; that on or about November 2, 1925, said bank became and was by the Comptroller of the Currency of the United States declared insolvent and ordered closed; that the plaintiff was thereafter by said

Comptroller duly appointed as receiver of said bank and ever since has been and now is the duly appointed, qualified, and acting receiver thereof. The complaint further alleges that on and prior to November 1, 1925, the defendant Effie E. O. Sanford was the owner of 50 shares of the par value of $100 each of the capital stock of said bank; that on or about the last-mentioned date said shares of stock were transferred to defendant Aufdenkamp, who became the owner thereof; that such transfer of said shares of stock was made within 60 days next before the failure of said bank; and that the said shares of stock were by said Aufdenkamp subsequently transferred to the International Mortgage Company, a corporation; that said shares were never transferred upon the books of said bank.

In the amended complaint it is alleged that the International Mortgage Company was the owner of said shares of stock which, at the time said bank became insolvent, stood on the books of said bank in the name of Aufdenkamp. The complaint contains the further allegation: "That thereafter and on February 19, 1926, the Comptroller of the Currency of the United States duly found and determined that in order to pay the debts of said Gregory National Bank, it is necessary to enforce the individual liability of the stockholders thereof to the extent of One Hundred Dollars ($100.00) upon each and every share of the capital stock of said association, as provided by law, and did thereupon direct plaintiff, as Receiver of said Gregory National Bank to take all necessary proceedings, by suit or otherwise, to enforce the extent of the said individual liability of said stockholders."

There is also the further allegation: "That for the purpose of avoiding a multiplicity of suits, this action is commenced against all of said defendants."

Plaintiff prays for judgment against each and all of defendants for $5,000, full par value of the stock, plus interest from March 26, 1926.

The trial court made findings of fact and conclusions of law and entered judgment against all of the defendants. At the trial the parties proceeded upon the theory that this was a suit in equity and it is so denominated in the complaint. For this reason, we presume, there was no waiver of a jury.

Although the point is not raised upon the appeal, it seems to be settled law that where the amount demanded of the stockholders is the full amount of the par value

of the shares of stock owned by them, the action is one at law and not in equity, and as shown by the above averment of the complaint, the assessment made against the stockholders was for the full amount of the par value of the shares.

As said by the Supreme Court in the case of Kennedy v. Gibson, 8 Wall. (75 U. S.) 498, 505, 19 L. Ed. 476: "The receiver is the instrument of the comptroller. He is appointed by the comptroller, and the power of appointment carries with it the power of removal. It is for the comptroller to decide when it is necessary to institute proceedings against the stockholders to enforce their personal liability, and whether the whole or a part, and if only a part, how much, shall be collected. These questions are referred to his judgment and discretion and his determination is conclusive. The stockholders cannot controvert it. It is not to be questioned in the litigation that may ensue. He may make it at such time as he may deem proper, and upon such data as shall be satisfactory to him. This action on his part is indispensable, whenever the personal liability of the stockholders is sought to be enforced, and must precede the institution of suit by the receiver. * * * The liability of the stockholders is several and not joint. The limit of their liability is the par of the stock held by each one. *Where the whole amount is sought to be recovered the proceeding must be at law.*" (Italics our own.)

This principle is reaffirmed in the case of Casey v. Galli, 94 U. S. 673, 677, 24 L. Ed. 168: "When the *order* [of the comptroller] is to collect the full amount of the par of the stock, the suit must be at law." (Italics our own.)

In the case of United States v. Knox, 102 U. S. 422, 426, 26 L. Ed. 216, the Supreme Court said: "Nothing in this opinion is intended in any wise to affect the authority of Kennedy v. Gibson and Others, 8 Wall. 498 [19 L. Ed. 476], and Casey v. Galli, 94 U. S. 673 [24 L. Ed. 168]. On the contrary, we approve and reaffirm the rule laid down in those cases."

Again, in the case of Hale v. Allinson, 188 U. S. 56, 78, 23 S. Ct. 244, 253, 47 L. Ed. 380, the court said:

"In this case from the complainant's own bill, the amount demanded is the full amount of the par value of the shares held by each defendant. In Kennedy v. Gibson, 8 Wall. 498, 505, 19 L. Ed. 476, 478, a receiver brought suit to recover from the stockholders of an insolvent national bank the statutory

liability imposed upon them, and in the course of the opinion it was stated by the court:

" 'Where the whole amount is sought to be recovered the proceeding must be at law. Where less is required, the proceeding may be in equity, and in such a case an interlocutory decree may be taken for contribution, and the case may stand over for the further action of the court, if such action should subsequently prove to be necessary,— until the full amount of the liability is exhausted.'

"In Bailey v. Tillinghast, 40 C. C. A. 93, 99 F. 801, this statement of the law was recognized, and the cases of Casey v. Galli, 94 U. S. 673, 24 L. Ed. 168, and United States v. Knox, 102 U. S. 422, 26 L. Ed. 216 were referred to as recognizing the same rule. In United States v. Knox, the court approved and reaffirmed the rules laid down in Kennedy v. Gibson, and one of those rules was that, when the whole amount was sought to be recovered, the proceeding must be at law."

It will be observed that the court in the last case denied the jurisdiction of equity so far as it was based upon the asserted prevention of a multiplicity of suits. In the case of Carey v. McMillan, 289 F. 380, 387 (C. C. A. 8), wherein the court cited and relied upon the cases above cited, the court said: "The bare multiplicity of suits is not sufficient to give the court jurisdiction to entertain the present bill in equity."

We are of the opinion that a court of equity is without jurisdiction to entertain a suit of this nature.

"All courts, even the highest, are more or less limited in their jurisdiction; they are limited to particular classes of actions, such as civil or criminal; or to particular modes of administering relief, such as legal or equitable; or to transactions of a special character, such as arise on navigable waters, or relate to the testamentary disposition of estates; or to the use of particular process in the enforcement of their judgments." Windsor v. McVeigh, 93 U. S. 274, 282, 23 L. Ed. 914.

"It is not necessary to cite many authorities for the proposition that where the main cause of action is of a legal nature [here the Supreme Court has positively said that the action sued upon is of that nature], equity has no jurisdiction, provided the complainant has full and adequate remedy at law for the wrongs complained of." United States v. Bitter Root Co., 200 U. S. 451, 472, 26 S. Ct. 318, 324, 50 L. Ed. 550.

"While this objection sometimes may be waived by acquiescence on the part of the defendant, such acquiescence does not amount to a waiver when the bill, on its face, shows lack of jurisdictional averments in equity." Gelinas v. Buffum (C. C. A. 9) 52 F.(2d) 598, 599.

We think that plaintiff not only had an adequate remedy at law, but that it was the only remedy, if any, to which he was entitled.

Reversed, with instructions to the trial court to transfer cause to law side of the court in accordance with Equity Rule 22 (28 USCA § 723).