SILK et al. v. AKE.

Nos. 7248–7251.

Circuit Court of Appeals, Sixth Circuit.

May 13, 1936.

Arthur A. Miller, of Cleveland, Ohio (Merle D. Evans, of Massillon, Ohio, on the brief), for appellants.

H. C. Pontius and Kenneth B. Cope, both of Canton, Ohio (Lynch, Day, Pontius & Lynch, of Canton, Ohio, on the brief), for appellee.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

MOORMAN, Circuit Judge.

The Comptroller of the Currency determined that the Union National Bank of Massillon, Ohio, was insolvent, took charge of its affairs, and appointed the appellee receiver of its assets. The appellants are stockholders of the bank. The appellee sued them to recover the liability on their stock under section 23 of the National Banking Act (12 U.S.C.A. § 64). By answer the appellants alleged that the bank was solvent except for a deficiency note executed by its board of directors to the First National Bank of Massillon, Ohio, of which the appellee was also receiver. They asserted that the First National Bank took over the assets and resources of the Union National Bank and agreed to pay its liabilities from the proceeds thereof, and that subsequently the directors of the Union National collusively executed to the First National Bank the deficiency note as evidencing the statutory liability of the shareholders of the Union National for the debts of the bank in excess of the value of its assets and resources. In counterclaims they alleged that the value of the assets conveyed to the First National were sufficient to pay the debts of the Union National and exceeded the face value of the deficiency note, and that the note was obtained from the Union National by collusion and for that reason was void. They further alleged that the Union National had no debts or engagements for which they were responsible under the statute, and they prayed for a stay of the proceeding until such time as the court should determine whether there were any valid outstanding obligations, claims, or credits of the Union National, and whether they, as a matter of fact or law, had valid defenses against the enforcement of the assessments against their stock, and, finally, that the stay be made permanent on a finding that they had such defenses. The appellee made motion for a judgment on the pleadings, and the court, on consideration thereof, entered judgment against appellants for the amounts of their respective assessments.

The question for decision is whether a stockholder of a national bank can defend an action to recover an assessment of liability on his stock on the ground that there is no outstanding debt or obligation against the bank, and that the only claim against it is a judgment obtained in a state court on a deficiency note alleged to have been collusively executed.

There can be no question of the conclusiveness of the determination of the Comptroller of the Currency as to the necessity for the assessments. Kennedy v. Gibson, 8 Wall. (75 U.S.) 498, 19 L.Ed. 476; Casey v. Galli, 94 U.S. 673, 24 L.Ed. 168. The latter case was an action by the receiver of a national bank to recover an assessment against stockholders who in their answers alleged that the declaration demanded a larger sum than they were required to pay to meet the obligations of the bank. They also alleged that the receiver had decided to pay claims against the bank for which the bank was not responsible, and aside from those claims there were means already in the hands of the receiver to meet the liabilities of the bank. The court held that the order of the Comptroller in making the assessments could not be attacked in a suit against the stockholders but was conclusive upon them and made it their duty to pay. In Crawford v. Gamble, 57 F.(2d) 15 (C.C.A.6), the insolvent bank entered into a contract with another bank to take over its assets and pay its liabilities. A deficiency note was given as in this case. The validity of the contract between the two banks was challenged. It was alleged that there was no deficiency and no necessity for the deficiency note, as the assets of the insolvent bank were sufficient to pay its obligations. The court held that the stockholders of the insolvent bank could not question the transaction between the two banks, or the action of the Comptroller in making the assessment, in a proceeding to recover the assessment from them. Other cases reaching the same conclusion on somewhat similar facts are United States v. Knox, 102 U.S. 422, 26 L.Ed. 216; Bushnell v. Leland, 164 U.S. 684, 17 S.Ct. 209, 41 L.Ed. 598; McClaine v. Rankin, 197 U.S. 154, 25 S.Ct. 410, 49 L.Ed. 702, 3 Ann.Cas. 500; Christopher v. Norvell, 201 U.S. 216, 26 S.Ct. 502, 50 L.Ed. 732, 5 Ann.Cas. 740; Collins v. Caldwell (C.C.A.) 29 F.(2d) 329; Miller v. Stock (C.C.A.) 65 F.(2d) 773, 90 A.L.R. 1061; B. V. Every & Co. v. Wilkinson (C.C.A.) 72 F.(2d) 10.

Decisions holding that there may be inquiry into the validity of a debt of a bank in an action by the judgment creditor to recover the debt from a shareholder are inapplicable, for in those cases there had

been no determination of insolvency or order of assessment, and there was consequently no attack on the Comptroller's determinations, which are, as held in the cases cited, conclusive upon the shareholder. There is an intimation, it is true, in some of the cases that the stockholder is not without remedy if he is about to be injured by a fraudulent assessment or proceeding instituted by the Comptroller. In such case it would seem that the action of the Comptroller, as said in Broderick v. Rosner, 294 U.S. 629, 55 S.Ct. 589, 594, 79 L.Ed. 1100, 100 A.L.R. 1133, would be "subject * * * to a direct attack for fraud or error of law by appropriate proceedings in equity." In the case at bar no fraud is alleged against the Comptroller, nor is there any direct attack upon his good faith in making the assessments or causing suits for the collection of them to be brought. He was not made a party to the proceeding in the counterclaims. The bank's liability on the deficiency note has been adjudged. It was open to the appellants to appear in the proceeding where that adjudication was had and contest the validity of the note. Having failed to do so, and not having attacked the acts of the Comptroller in a proceeding against him, they cannot say that they have been deprived of an opportunity to have a hearing on the matters which they are attempting to assert as a defense to this action.

The decree is affirmed.