**CHURCH v. HUBBARD et al.**
No. 7552.

Circuit Court of Appeals, Sixth Circuit.
June 28, 1937.

Carl Runge, of Cincinnati, Ohio (Robert S. Marx and Nichols, Morrill, Wood, Marx & Ginter, all of Cincinnati, Ohio, on the brief), for appellant.

Edward G. DeGree, of Detroit, Mich., for appellees.

Before SIMONS and ALLEN, Circuit Judges, and MARTIN, District Judge.

MARTIN, District Judge.

Appellant, in his capacity as receiver of the First National Bank & Trust Company in Pontiac, Mich., brought an action at law in the District Court to enforce the collection of a stock assessment levied by the Comptroller of Currency of the United States against John H. Fildew.

A bill of complaint in equity was filed by the shareholder, in the same District Court wherein the law action against him was pending, in which he sought to restrain appellant from proceeding at law. Appellant made no appearance and filed no answer in the equity cause; and judgment pro confesso was taken.

Subsequently, the District Court granted a permanent injunction, restraining appellant from further procedure to collect any assessment on account of the ownership of the fifty-one shares of stock standing on the books of the insolvent bank in the name of John H. Fildew. Appellees are the executors of the estate of the deceased shareholder. The motion of appellant to set aside the decree in the equity cause was denied, and the case comes here for review on appropriate assignments of error.

The bill of complaint averred that secrecy and irregularity in the transfer by the bank of its assets to a new banking corporation entitled the shareholder to access to certain documents and records in the hands of the receiver. This allegation was insignificant as a basis for a separate proceeding in equity, for the reason that appropriate subpœnas duces tecum would have compelled the receiver, as effectively in the pending action at law as in the suit in equity, to bring into court all documents and records in his possession.

The two main averments upon which appellees predicated their bill in equity were: (1) That more than sixty days before the stock was assessed and the receiver for the bank appointed, John H. Fildew had sold his stock and delivered certificates therefor to brokers; and (2) that

the bank, while solvent, unlawfully and fraudulently transferred its assets to a new national banking corporation.

 Appellant replies (1) that the sale of stock in a national bank by a stockholder who indorses the stock certificates in blank and delivers the same to brokers, without presentation of the stock certificates to the bank's officers for transfer, does not relieve the stockholder from liability for assessment; and (2) that charging that the unlawful transfer of assets by a bank, while solvent, invalidates a stock assessment is, in effect, a forbidden collateral attack upon the rulings and orders of the Comptroller of the Currency as to the insolvency of the bank.

We think the position of appellant upon both propositions is sound.

1. The Supreme Court, in Matteson v. Dent, 176 U.S. 521, 530, 20 S.Ct. 419, 44 L.Ed. 571, declared the settled doctrine to be that the registered owner of stock in a national bank remains liable for assessment, unless his transfer of the stock to another person has been accompanied by a transfer on the books of the corporation. The decision was consistent with Whitney v. Butler, 118 U.S. 655, 7 S.Ct. 61, 30 L.Ed. 266, because it recognized the exception from liability of a stockholder in a case where delivery of the stock certificate to officers of the bank for transfer is made, and such officials failed to make proper entry of the transfer.

The same distinction was noted in Richmond v. Irons, 121 U.S. 27, 58, 59, 7 S.Ct. 788, 802, 30 L.Ed. 864, where the court said: "The case is not within the rule laid down in Whitney v. Butler, 118 U.S. 655, 7 S.Ct. 61 [30 L.Ed. 266]. Here there is no proof, as there was in that case, of the delivery of the certificates to the bank and a power of attorney authorizing its transfer, with a request to do so made at the time of the transaction. The delivery was to Holmes, not as president, but as vendee. We are therefore constrained to hold that the decree below, in charging Comstock with liability as the owner of 150 shares, was not erroneous." See, also, Earle v. Carson, 188 U.S. 42, 23 S.Ct. 254, 47 L.Ed. 373. Cf. Forrest v. Jack, 294 U.S. 158, 162, 55 S.Ct. 370, 371, 79 L.Ed. 829, 96 A.L.R. 1457.

In its latest expression upon the subject, the Supreme Court said, in Oppenheimer v. Harriman Nat. Bank, 57 S.Ct. 719, 724, 81 L.Ed. —— (decided April 26, 1937): "Plaintiff appeared by the bank's records to be a stockholder and, as against creditors for whose benefit the statutory liability was created, was estopped from denying that status." The court cited Scott v. Deweese, 181 U.S. 202, 213, 21 S.Ct. 585, 45 L.Ed. 822, and Lantry v. Wallace, 182 U.S. 536 and 553, 21 S.Ct. 878, 45 L.Ed. 1218.

2. We think the bill in the case at bar describes transactions paralleling in pertinent facts the situation which we met and upon which we adjudicated in Crawford v. Gamble, 57 F.(2d) 15, cited for comparison by the Supreme Court in Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440, discussed infra. We held that a stockholder, sued for an assessment, who admitted that the bank was organized under the National Banking Act, 12 U.S.C.A. § 21 et seq., that it had been declared insolvent by the Comptroller, that the plaintiff was receiver, and that an assessment had been made, could not raise an issue as to the insolvency of the bank; nor could he defend against a stock assessment on the theory that the officers and agents had been guilty of fraudulent and unlawful practices in transferring the assets of the bank to a new bank, without the knowledge or consent of the stockholders. We stated, as we did also in the later case, Silk v. Ake, 83 F.(2d) 618, that there can be no question of the conclusiveness of the determination of the Comptroller of the Currency as to the necessity for assessments against the stockholders of an insolvent national bank.

And, later, in deciding Barbour v. Thomas, 86 F.(2d) 510, 515, we said: "These averments and the evidence offered to sustain them could not have been put in issue here. They constitute a purely collateral attack upon the action of the Comptroller (not a party litigant) in declaring the bank insolvent, and upon his judgment as to the necessity for the assessments and the amount thereof. His determination of these matters was conclusive. U.S.C. tit. 12, § 191 (12 U.S.C.A. § 191); Kennedy v. Gibson, 8 Wall. 498, 505, 19 L.Ed. 476; Germania National Bank v. Case, 99 U.S. 628, 634, 25 L.Ed. 448; Casey v. Galli, 94 U.S. 673, 677, 24 L.Ed. 168; Crawford v. Gamble, 57 F.(2d) 15, 16 (C.C.A.6) and cases there cited; Silk et al. v. Ake, Receiver, 83 F.(2d) 618, 620 (C.C.A.6); Miller v. Stock, 65 F.(2d)

*773,* 90 A.L.R. 1061 (C.C.A.3); Liberty Nat. Bank v. McIntosh, 16 F.(2d) 906, 909 (C.C.A.4); and B. V. Emery & Co. v. Wilkinson, 72 F.(2d) 10 (C.C.A.10)."

3. But appellees contend that objection to equity jurisdiction was waived by the receiver in his failure to answer the bill of complaint and in his neglect in permitting a final decree on pro confesso to be taken against him.

Title 28, U.S.C., § 384, 28 U.S.C.A. § 384 (Judicial Code, § 267) provides: "Suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law."

Title 28, § 398, U.S.C., 28 U.S.C.A. § 398 (Judicial Code, § 274b), provides: "In all actions at law equitable defenses may be interposed by answer, plea, or replication without the necessity of filing a bill on the equity side of the court. The defendant shall have the same rights in such case as if he had filed a bill embodying the defense of seeking the relief prayed for in such answer or plea. Equitable relief respecting the subject matter of the suit may thus be obtained by answer or plea. In case affirmative relief is prayed in such answer or plea, the plaintiff shall file a replication. Review of the judgment or decree entered in such case shall be regulated by rule of court. Whether such review be sought by writ of error or by appeal the appellate court shall have full power to render such judgment upon the records as law and justice shall require."

The Supreme Court construed these statutes in Enelow v. New York Life Ins. Company, 293 U.S. 379, 384, 55 S.Ct. 310, 312, 79 L.Ed. 440. The Chief Justice said: "Was the defense set up by the defendant of such a nature that defendant was entitled to have it heard and determined in equity and to enjoin the proceedings at law pending that determination? The test under section 274b is whether the defendant could have maintained a bill in equity on the same averments. The unequivocal language of the provision leaves no room for the argument that the substantive jurisdiction of equity was sought to be changed or enlarged. The defendant's rights to a hearing in equity are 'the same,' not greater, when he resorts to the summary procedure. See Liberty Oil Co. v. Condon Bank, supra [260 U.S. 235, 43 S.Ct. 118, 67 L.Ed. 232]; Union Pacific R. Co.

v. Syas (C.C.A.) 246 F. 561, 565; American Cyanamid Co. v. Wilson & Toomer Fertilizer Co., supra [(C.C.A.) 62 F.(2d) 1018]; New York Life Ins. Co. v. Miller (C.C.A.) 73 F.(2d) 350 [97 A.L.R. 562]. Compare Phillips-Morefield v. Southern States Life Ins. Co. (C.C.A.) 66 F.(2d) 29, 30; New York Life Ins. Co. v. Marotta (C.C.A.) 57 F.(2d) 1038. And it necessarily follows that this summary procedure cannot aid the defendant when a bill for the same relief would not lie because the defense is one which is completely available in the action at law. Emphasizing the fundamental principle of the equitable jurisdiction, the Congress, from the first Judiciary Act, has declared that suits in equity shall not be sustained in any court of the United States in any case where a 'plain, adequate and complete remedy' may be had at law. Act of September 24, 1789, § 16, 1 Stat. 82; Jud.Code, § 267, 28 U.S.C. § 384 (28 U.S.C.A. § 384)."

The court pointed out (293 U.S. 379, 382, 55 S.Ct. 310, 311, 79 L.Ed. 440) that: "It makes no difference that the two cases, the suit in equity for an injunction and the action at law in which proceedings are stayed, are both pending in the same court, in view of the established distinction between 'proceedings at law and proceedings in equity in the national courts and between the powers of those courts when sitting as courts of law and when sitting as courts of equity.' Per Van Devanter, J., in Griesa v. Mutual Life Ins. Co. (C.C. A.) 165 F. 48, 50, 51."

In the instant case, the bill in equity admits that the Comptroller of the Currency ordered an assessment to be levied against the stockholders of the bank, for the collection of which an action at law had been brought. Conceding the doctrine of Masterson v. Howard, 18 Wall. (85 U.S.) 99, 21 L.Ed. 764, that an appellate court should be concerned only with the problem of whether or not the allegations of the bill of complaint are sufficient to sustain the decree, we find no allegation on the face of the bill that gives jurisdiction in equity, because it appears therefrom that the plaintiff has a plain, complete, and adequate remedy at law, if he has any remedy at all.

The language of the court in Rawlings v. Meredith, 80 F.(2d) 254, 257 (C.C.A.5), is pertinently applicable here: "In the absence of anything giving rise to an equitable right in favor of the appellee as

against the failed bank's creditors to prevent the enforcement of the assessment in question, the appellee's position with reference to that assessment is no better in a court of equity than it is in a court of law."

We concur in the holding in Aufdenkamp v. L'Herrison, 56 F.(2d) 344 (C.C.A. 9), that an action by the receiver of a national bank against its stockholders for the full par value of their shares must be brought at law, and that when such action is brought in equity, and the bill on its face shows the lack of jurisdictional averments, the acquiescence of defendant does not amount to a waiver of objection that equity has no jurisdiction. We think, therefore, that in the case at bar there has been no fatal waiver of the right to challenge equity jurisdiction, by failure of the receiver to answer the bill of complaint and the consequent entry of judgment by default.

Our own decisions in Toledo Computing Scale Co. v. Computing Scale Co., 142 F. 919, and Audit Co. of New York v. City of Louisville, 185 F. 349, are plainly distinguishable, because in neither was there a pending action at law when equitable relief was sought, concerning the same subject-matter.

As was stated in Twist v. Prairie Oil Co., 274 U.S. 684, 690, 47 S.Ct. 755, 757, 71 L.Ed. 1297: "The parties cannot, of course, compel the trial court to hear in equity a suit which seeks a legal remedy for a legal cause of action. Lewis v. Cocks, 23 Wall. 466, 23 L.Ed. 70. Nor can the task of reviewing such a case as if it were actually an equity cause be imposed upon the appellate court through consent of the parties. See Elkhart Carriage & Motor Co. v. Partin (C.C.A.) 9 F.(2d) 393. Either the trial court or the appellate may, of its own motion, take the objection that the case is not within the equity jurisdiction."

In Singer Sewing Machine Company v. Benedict, 229 U.S. 481, 484, 33 S.Ct. 942, 57 L.Ed. 1288, the court said: "In the courts of the United States it is a guiding rule that a bill in equity does not lie in any case where a plain, adequate, and complete remedy may be had at law. The statute so declares, Rev.Stat., § 723 [28 U.S.C.A. § 384 and note], and the decisions enforcing it are without number. If it be quite obvious that there is such a remedy, it is the duty of the court to interpose the objection sua sponte, and in oth-

er cases it is treated as waived if not presented by the defendant in limine. Reynes v. Dumont, 130 U.S. 354, 395, 9 S.Ct. 486, 32 L.Ed. 934, 945; Allen v. Pullman's Palace Car Co., 139 U.S. 658, 11 S.Ct. 682, 35 L.Ed. 303."

In this case, the resort to equity is unsupported upon basic principles of equity jurisprudence. The decree entered by the District Court is set aside, and the case is remanded to the District Court, with instruction to dismiss the bill.