## TAYLOR *v.* ALDRIDGE.

(Division B.   Jan. 24, 1938.)

[178 So. 331.   No. 33002.]

**John W. Crisler,** of Clarksdale, for appellant.

James O. Eastland, of Ruleville, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Some time during the month of January, 1936, appellee purchased from the Tennessee Brokerage Company, Inc., a car of hay. The hay was shipped from Gibbs, Tenn., on a bill of lading with draft attached; the draft being drawn by Tennessee Brokerage Company, Inc., through a bank at Clarksdale, Miss., on appellee at Bank of Ruleville, Ruleville, Miss. Appellee paid the draft to the Bank of Ruleville, took thereby the bill of lading, unloaded the hay, and upon weighing it found the shipment considerably short in weight. Thereupon appellee filed an attachment suit in a justice of the peace court, at the domicile of the Ruleville bank, against the Tennessee Brokerage Company, Inc., as a nonresident corporation and garnished the Bank of Ruleville which had in its hands the proceeds of the draft, standing to the credit of the Tennessee Brokerage Company, Inc. The

bank answered the writ of garnishment and admitted that it was indebted to Tennessee Brokerage Company, Inc., in the entire sum of the proceeds of said draft theretofore paid to it by appellee as aforementioned.

Within a few days appellant filed her claimant's affidavit, under section 153, Code 1930, wherein she stated that she ''enters her appearance in this cause solely as claimant,'' and stated further therein that the attached money ''belongs solely to her and that the Tennessee Brokerage Company, Inc., a corporation organized under the laws of the State of Tennessee and a nonresident of Mississippi, has no right, title or interest of any kind in said money.'' It appears from the recitals of the judgment of the justice of the peace that when the case came on to be heard ''it was agreed by the plaintiff and the claimant that the claimant's issue should be tried along with the rest of the case, all together,'' and that the court rendered judgment in favor of plaintiff therein, appellee herein, against the brokerage company in the sum of $88, and against the attached funds, and disallowed the claimant's claim. Within the time allowed by law appellant appealed to the circuit court; the appeal bond reciting that ''the condition of this obligation is such that on February 11, 1936, a judgment was rendered in the above cause in favor of the said C. H. Aldridge as plaintiff in said cause, and denying the claim of the principal herein, as claimant in said cause,'' etc.

When the matter came on to be heard in the circuit court, it had been ascertained that the position and contention of appellant was that there was not, and had never been, any such an entity, corporate or otherwise, as the Tennessee Brokerage Company, Inc.; that this was simply a tradename under which appellant conducted her business; that she in fact was and is a resident of Panola county in this state; and that the brokerage business under the trade-name aforesaid was conducted for her by her husband at Clarksdale, Miss. Her position was ascertained to be, and is now, that since there was

no such legal entity as Tennessee Brokerage Company, Inc., there was no party defendant in the attachment suit; that the attachment was therefore void, or, if not void, was wrongfully sued out, and that she could properly raise the issue by tendering a claimant's affidavit, rather than intervening as the real party defendant. When this position of appellant was disclosed to the circuit court, the court on motion dismissed the claimant's appeal, on the ground that appellant was and is no third party claimant, and could occupy no admissible attitude toward the litigation other than as an original party defendant, which position she had not sought to take, but, on the contrary, had expressly defined her attitude "solely as a claimant."

The undisputed proof shows that appellant conducted her said business under the corporate name aforesaid, that her office signs carried that name, as well as all her office stationery, including order blanks, and, further, that her salesmen in taking orders from appellee represented to him that the business was that of a corporation organized under the laws of Tennessee, but with a branch office at Clarksdale in this state; that appellee had no other information, and no information sufficient to put him on notice or inquiry that the business was other than so represented. As already noted, the draft was drawn on appellee in that name, and the attached funds stood in the bank to the credit of the ostensible corporation of that name.

A private person may, as a rule, use any unappropriated trade-name which he may select as the name under which he conducts his business. If he select a corporate name indicating that the name is that of a corporation of a foreign state, and represent to those with whom he deals that the name is that of a real corporation of said foreign state, he must, in the interest of plain justice, be estopped from denying what he has so represented when an attachment has been taken against said supposed corporation as a nonresident, particularly so, when, as

here, the asserted cause of action arises out of a transaction had in the regular course of dealing with said ostensible corporation. Although, as against the state, a corporation cannot be created by the mere agreement, admission, assent, or other act or admission of private persons, yet, as between themselves, and so far as concerns their own private litigation and contestations, they may by their agreements, their admissions, their representations, or their conduct estop themselves from denying the fact of the existence of the corporation, so that for the purpose of such private litigations the business claiming to be a corporation, and a foreign corporation, may become such to all intents and purposes as much as though it were an actual corporation de jure. 14 C. J., p. 226, section 234. As said by the court in Casey v. Galli, 94 U. S. 673, 680, 24 L. Ed. 168: "Parties must take the consequences of the position they assume. They are estopped to deny the reality of the state of things which they have made appear to exist, and upon which others have been led to rely. Sound ethics require [in such a case] that the apparent, in its effects and consequences, should be as if it were real, and the law properly so requires."

We must conclude, therefore, that the attachment was properly taken as against the ostensible foreign corporation and is valid as against the funds to its credit in said bank; that if appellant desired to intervene and defend she was required to do so as the actual original party defendant, and not as a third party claimant, and that the court was correct in refusing her recognition as a claimant and in dismissing her appeal as such.

In arriving at this conclusion we have not overlooked the argument by appellant that when she came into the attachment court as a claimant, she was there for all purposes; that there is no such thing as a special appearance in this state; and that, therefore, she should be considered as an original defendant in the attachment suit; and that her appeal bond, as a claimant, should be

considered as an appeal bond of herself as a defendant. In one part of her brief she maintains that there was no defendant at all in the attachment suit, that that proceeding was therefore a nullity, and in another part she says that she should be considered the original defendant. She chose her ground when she came in as a claimant and must be held to it; she could not be both a defendant and at the same time a third party claimant, there being no irregularity or invalidity in the attachment, as we have already pointed out.

Affirmed.