[No. 27048.   Department Two.   October 10, 1938.]

SEATTLE-FIRST NATIONAL BANK, *Respondent*, v.
SPOKANE COUNTY *et al., Appellants.*[1]

[1]Reported in 83 P. (2d) 359.

*Ralph E. Foley* and *A. O. Colburn*, for appellants.

*Graves, Kizer & Graves*, for respondent.

ROBINSON, J.—In 1936, Spokane county levied a tax against certain furniture and fixtures as the property of Spokane and Eastern Trust Company, a Washington corporation. Seattle-First National Bank, alleging itself to be a duly organized and existing national banking association, brought this action to restrain the collection of the taxes, alleging that it was the owner of the property, and had been since December 28, 1935. In stating the case to the court at the beginning of the trial, its counsel said:

"The point involved is the validity of the consolidation of the First National Bank of Seattle and the Spokane and Eastern Trust Company of this city. On December 28, 1935, the two corporations were consolidated under the national banking act, and there was a branch established here and at Cheney. The two branches immediately took possession of the assets and property, and the assessor of Spokane County has levied a tax for the year following the consolidation upon the personal property and furnishings, as distinguished from the real estate. Of course, under the decisions of the supreme court of the United States a national bank is a federal agency and its property is exempt from state taxation, except in so far as Congress expressly has permitted a state tax on real estate and the shares of stock in the hands of stockholders."

In stating the position of defendants, their counsel conceded that the relief prayed for should be granted if the alleged consolidation was valid; but, as to this, the defendants put the plaintiff upon its proof. The plaintiff, while vigorously denying the right of the defendants to make a collateral attack upon its legal existence as a consolidated corporation, introduced the following documentary exhibits:

A United States Treasury Department certificate executed by the acting Comptroller of the Currency, evidencing the conversion of the Union Savings and Trust Company of Seattle into The Union National Bank of Seattle and authorizing it to commence business as a national bank under that name as of the 31st of December, 1918;

A similar certificate authorizing the consolidation of The Dexter Horton National Bank of Seattle with The Union National Bank of Seattle under the charter of the latter bank and the beginning of business as The Dexter Horton National Bank of Seattle as of March 10, 1924;

A similar certificate authorizing The Seattle National Bank and the First National Bank of Seattle to consolidate with The Dexter Horton National Bank of Seattle under the charter of the latter bank and authorizing it to begin business as of October 31, 1929, under the corporate title "First Seattle Dexter Horton National Bank;"

A similar certificate authorizing it to change its name to First National Bank of Seattle as of the 31st of October, 1931;

A consolidation agreement between the First National Bank of Seattle and Spokane and Eastern Trust Company under the charter of the first named bank and under the title of Seattle-First National Bank, executed and acknowledged by the president of each bank, attested by the secretary of each, and signed and acknowledged by the majority of the board of directors of each on November 26, 1935;

A letter of December 16, 1935, signed by C. E. Jenks, the then supervisor of banking, approving the proposed consolidation,

". . . subject to the ratification by your stockholders in the manner provided by chapter 126 of the Session Laws of 1931 of the State of Washington;"

Certified minutes of the meeting of the stockholders of each bank, held on September 24, 1935, wherein the consolidation agreement was unanimously ratified by the stockholders of both banks;

Certificate of the Comptroller of the Currency certifying that the First National Bank of Seattle and Spokane and Eastern Trust Company were consolidated under the corporate title of Seattle-First National Bank as of December 28, 1935;

Similar certificates authorizing it to establish and operate branches at 601 Riverside avenue, Spokane, and at 425 First avenue, Cheney;

A certificate of the state supervisor of banking, dated June 20, 1937, and directed to the secretary of state of the state of Washington, reciting the details of the consolidation, and that he had, on January 13, 1936, revoked the certificate of the Spokane and Eastern Trust Company to engage in the business of banking, and closing as follows:

"Now, therefore, in compliance with section 3282, Remington's Revised Statutes, I hereby certify that the Spokane and Eastern Trust Company of Spokane, Washington, is not now, nor since December 28, 1935, has it been, engaged in the business of a bank; and the said corporation is ready to be stricken from your records."

The authenticity of these exhibits and the recitals of matters of fact therein contained were in no way disputed or questioned. The defendants, however, asserted the illegality of the consolidation, pointing out that, while § 34a, Title 12, U. S. C. A., authorizes the consolidation of a national bank with a state bank, it contains the following provision:

"No such consolidation shall be in contravention of the law of the state under which said bank is incorporated."

It was contended by defendants that the attempted consolidation was in contravention of Rem. Rev. Stat., § 3387-2 [P. C. § 320-2]. This section, which is § 2 of chapter 126, Laws of 1931, p. 380, reads as follows:

"Any bank or trust company may, with the written approval of the supervisor of banking, be consolidated with another bank, trust company or association *located in the same county, city or town* under the charter of either, upon such terms and conditions as may lawfully be agreed upon by a majority of the board of directors of each bank, trust company or association participating in or proposing to participate in such consolidation." (Italics ours.)

The defendants founded their contention upon that part of the section which we have italicized, and asserted, the two banks not being located in the same county, city or town, that the alleged consolidation was wholly void, and that the Spokane and Eastern Trust Company still owned the property against which the tax was levied. The plaintiff contended that the legality of its existence as a consolidated corporation, or, at least, of its *de facto* existence as such, could not be collaterally attacked, but could only be questioned by the sovereign in an action in *quo warranto*. It also sharply disputed the defendants' construction of the statute and asserted the validity of the consolidation. The trial court did not pass upon the procedural question, but accepted the plaintiff's construction of the statutes bearing on the matter and granted it the relief asked. The defendants have appealed.

The procedural question is very thoroughly and ably discussed in the briefs of both parties. Without so deciding, we may say, in passing, that we are inclined to agree with the position taken by the respondent. Furthermore, in the case upon which the appellants chiefly rely in their argument on the merits, *Commonwealth v. Merchants Nat. Bank of Allentown,* 323

Pa. 145, 185 Atl. 823, wherein a consolidation between a state trust company and a national bank was held illegal, because the court could find nothing in the Pennsylvania statutes which would permit a state banking institution to consolidate with a national bank, it was held that, nevertheless, the resulting consolidated institution was a corporation *de facto,* and, as such, was required to discharge the obligations of the trust company, since its "assets were increased by those received from the trust company." That is to say, the assets of the trust company passed to the consolidated institution, even though it was only a *corporation de facto.* The result reached by the trial court in this case could probably be supported upon that theory. We do not pursue that matter further, because we are of the opinion that the trial court was correct in holding that the consolidation was not in contravention of the law of the state, and that the Seattle-First National Bank is a corporation *de jure.*

■■ Our first statute directly concerning the matter of the consolidation of banks appears to be chapter 98, Laws of 1915, p. 279, an act relating to banks and trust companies and prescribing the duties of the state bank examiner with relation thereto. In § 18, p. 288, of that chapter, it is provided:

"A state bank or trust company which is in good faith winding up its business for the purpose of consolidation with some other bank or trust company may transfer its assets and liabilities to the bank or trust company with which it is in process of consolidation, upon receiving written consent of the state bank examiner and not otherwise. . . ."

The subject is next dealt with in § 75, chapter 80, Laws of 1917, p. 306, sometimes referred to as the Banking Code of 1917:

"A bank or trust company may for the purpose of consolidation or voluntary liquidation transfer its as-

sets and liabilities to another bank or trust company, by a vote of the stockholders owning two-thirds of its capital stock, but only with the written consent of the examiner and upon such terms and conditions as he may prescribe. Upon any such transfer being made, or upon the liquidation of any such corporation, the examiner shall terminate its certificate of authority."

This statute was amended by § 17, chapter 209, Laws of 1919, p. 734, and § 17 became § 3282 of Remington's Compiled Statutes, which was later amended by § 12, chapter 115, Laws of 1923, p. 312, which provides:

"That Section 3282 of Remington's Compiled Statutes be amended to read as follows:

"Section 3282. A bank or trust company may for the purpose of consolidation or voluntary liquidation transfer its assets and liabilities to another bank or trust company, by a vote, or with the written consent of the stockholders of record owning two-thirds of its capital stock, but only with the written consent of the supervisor of banking and upon such terms and conditions as he may prescribe. Upon any such transfer being made, or upon the liquidation of any such corporation for any cause whatever or upon its being no longer engaged in the business of a bank or trust company, the supervisor of banking shall terminate its certificate of authority, which shall not thereafter be revived or renewed. When the certificate of authority of any such corporation shall have been revoked, it shall forthwith collect and distribute its remaining assets, and when that is done the supervisor of banking shall certify the fact to the secretary of state, whereupon the corporation shall cease to exist and the secretary of state shall note that fact upon his records."

The above section is carried into Remington's Revised Statutes as § 3282 [P. C. § 325]. In our opinion, if still in force, it authorizes a state bank to transfer its assets to, and consolidate with, a national bank, since a national bank is "another bank." It will be

noted also that there is no geographical limitation in the statute.

Was it repealed or modified by Rem. Rev. Stat., § 3387-2, heretofore quoted? This section is taken from chapter 126, Laws of 1931. The title to that chapter makes no reference to any repeal or modification of § 3282, nor does the chapter itself. There is nothing in the entire chapter directly contrary to anything contained in § 3282, and repeals by implication are not favored.

But before answering the ultimate question, another and later statute should be considered. We refer to § 5 of chapter 42, Laws of 1933, p. 228, Rem. Rev. Stat. (Sup.), § 3231-1 [P. C. § 274-1], which provides that banks and trust companies, having a paid-in capital of not less than five hundred thousand dollars, may, with the approval of the supervisor of banking, establish and operate branches in *any* city or town in the state, but

"No bank or trust company shall establish or operate any branch in any city or town outside the city or town in which its principal place of business is located in which any bank, trust company or national banking association regularly transacts a banking or trust business, except by taking over or acquiring an existing bank, trust company or national banking association or the branch of any bank, trust company or national banking association operating in such city or town."

A bank can only take over or acquire the whole of the assets of another bank by assuming its liabilities in the same transaction, that is, by consolidation. This statute, which was enacted two years later than the statute invoked by appellants, appears to affirmatively recognize that, under our law, a bank or trust company, having a paid-in capital of not less than five hundred thousand dollars, may consolidate with another bank, state or national, located in any other city

or town in the state. The First National Bank of Seattle, at the time of the consolidation, had a paid-in capital of eight million dollars, and the Spokane and Eastern Trust Company a paid-in capital of one million dollars.

■ This consolidation could have been lawfully accomplished by merely converting the Spokane and Eastern Trust Company into a national bank under the provisions of § 35, Title 12, U. S. C. A. (*Casey v. Galli,* 94 U. S. 673, 24 L. Ed. 168), and then consolidating it with the First National Bank of Seattle under § 33 of the same title, but we agree with the state and Federal officials who were charged by law with the duty of approving the consolidation, and with the trial court, that the method actually employed was not in "contravention of the law of the state," and therefore hold that it was legally effective.

The consolidation agreement, which was ratified by unanimous vote of the stockholders of both banks, contained the following provision:

"All assets of each association at the date of consolidation shall pass to and vest in the consolidated association."

Nothing further was necessary to pass title to the property involved. It vested in the Seattle-First National Bank on December 28, 1935.

The judgment appealed from is accordingly affirmed.

STEINERT, C. J., BEALS, MILLARD, and BLAKE, JJ., concur.